1841.

In the matter of Hazard.

---

## In the matter of HAZARD, an infant.

Where the special guardian of an infant, who was authorized by an order of the court of chancery to sell real estate, in conjunction with an adult tenant in common with the infant, reported a sale of the property, which sale was confirmed, and upon an application to compel the supposed purchaser to complete his contract the purchase was denied, and it appeared that the special guardian had made his report of the sale upon verbal information derived from the adult tenant in common merely, the application to compel the supposed purchaser to complete his purchase was denied ; with costs, to be paid by such special guardian.

A special guardian who sells property of an infant, under an order of the court of chancery, should enter into a written contract with the purchaser, subject to the ratification of the court, specifying therein the terms and conditions of the sale, and the manner in which the purchase money is to be secured and the time of payment. And such written contract should be signed by the special guardian and by the purchaser, so as to prevent any dispute as to the terms and conditions of the sale.

THIS was an application by the special guardian of an infant to compel R. L. & A. Hill, the supposed purchasers of the real estate of the infant, to complete their purchase. The petitioner had reported that he had contracted with the Hills for the sale of the infant's estate, subject to the ratification of the court, pursuant to an order authorizing him

November 17.

1841.

In the matter of Hazard.

to sell the same ; and the court had thereupon confirmed the report of sale, and directed the guardian to complete the purchase accordingly. In answer to the application, the supposed purchasers swore that they had never made any agreement, either in writing or by parol, to purchase the property of the special guardian.

*J. Rhoades*, for the petitioner.

*A. Taber*, for R. L. & A. Hill.

THE CHANCELLOR held, that in such a case the guardian could not have an order to compel the supposed purchasers to take the property, without showing an agreement which was legally or equitably binding upon them, so as to support the jurisdiction of the court to enforce performance thereof by a summary application. He said the proper course for the special guardian in such a case was to make an agreement in writing, for the sale of the property, subject to the ratification of the court ; specifying in such agreement the terms and conditions of the sale, and the manner in which the purchase money was to be secured, and the time of payment. And that such agreement should be signed by himself and the purchasers, so as to prevent any dispute as to the terms and conditions of the sale.

The guardian having reported the sale in this case upon the verbal information of an adult joint owner of the premises, and without having made any bargain for the sale, and the supposed purchasers having denied on oath that they ever made any agreement with him, or with any one in his behalf, the court allowed them their costs of opposing the application, to be paid by the special guardian.