HENRY CORSE, Trustee, etc., Appellant, *v.* JOHN CORSE et al., Trustees, etc., Respondents.

The will of C. directed his executors to divide his residuary estate into eight equal parts, and to hold these shares in trust in severalty, one for the benefit of each of his eight children during life, the trustees to receive the rents and income and pay over the same to the beneficiary. By a codicil the original scheme was modified so far as it affected the plaintiff, one of the testator's children, by directing that the income of his share, or so much as should be necessary, should be applied to the education and support of his children during his life. Plaintiff was also constituted a trustee for certain purposes connected with his share. The testator recommended that his property be kept together as long as possible, adding, however, that this should not be "construed as a direc-

tion or restriction." The testator died in 1882; in 1891 the executors and trustees named in the will executed a ten years' lease of certain real estate, part of the residuary estate, to a tenant who had been a lessee of the premises since 1869. At the time the lease was executed no division had been made into shares as directed by the will. In an action to set aside the lease upon the ground, among others, that plaintiff had not joined in its execution, *held*, untenable, that plaintiff was not such a trustee of the *corpus* of the undivided estate as rendered his signature to the lease necessary to make it valid; also, that the trustees named in the will had, at least until a division of the estate into shares, the power to lease, and any lease executed in good faith was valid and binding on all the parties.

Reported below, 72 Hun, 39.

(Argued January 24, 1895; decided February 5, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 30, 1893, which affirmed a judgment in favor of defendants entered upon an order dismissing the complaint on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William C. Reddy* for appellant. The lease was void when made and when this action was brought. (1 R. S. 727, § 44.) Independent of the status of the trustees, the lease is voidable for improvidence, neglect and conduct on the part of the trustees having a strong savor of bad faith. (Bisph. on Prin. of Eq. 138; Perry on Trusts, §§ 418, 427, 452, 527; *Greason* v. *Keteltas*, 17 N. Y. 491.)

*George C. Blanke* for respondents. No bad faith has been shown nor any neglect or improvidence on the part of the lessors, trustees. (1 R. S. 728, § 55; *Newcomb* v. *Keteltas*, 19 Barb. 612; 1 Perry on Trusts, § 528; *Crabb* v. *Young*, 92 N. Y. 56.) It was not necessary that the appellant, Henry Corse, Jr., should join in the lease to defendant Appell to render it effectual. (*Hedges* v. *Riker*, 5 Johns. Ch. 163; *Newcomb* v. *Keteltas*, 19 Barb. 608; *Greason* v. *Keteltas*, 17 N. Y. 491; 2 Perry on Trusts, § 484; *Cusack* v. *Tweedy*, 126 N. Y. 81; *Crittenden* v. *Fairchild*, 41 id. 289; *Kinnier* v.

*Rogers*, 42 id. 531; *Skinner* v. *Quin*, 43 id. 99; *Hand* v. *Ashley*, 117 id. 606; *Redfield* v. *Redfield*, 126 id. 466; *Viele* v. *Keeler*, 129 id. 190.)

Bartlett, J.   This action was brought by Henry Corse, Junior, the appellant, and his four sisters (none of whom join in this appeal), to set aside a lease executed by the executors and trustees under the will of their deceased father, Henry Corse, to the defendant Jacob Appell, upon the grounds:

1. It was not the act of all the trustees under the will.

2. It was not the act of the appellant as trustee of a share under the codicil.

3. It was improvidently made.

The complaint was dismissed at Special Term and the General Term, first department, affirmed the judgment.

As we do not deem it necessary to pass on all the questions disposed of by the learned General Term, we will state the grounds upon which we affirm the judgment.

The testator directed his executors and trustees to divide his residuary estate into eight equal parts or shares, being one share for the use of each of his eight children during their respective lives, and at the death of a child that particular share was disposed of in a manner not material to be considered at this time.

By a codicil executed several years after the will he modified his original scheme so far as the same affected his son Henry, who is the plaintiff and appellant herein, and directed that the income of that share, or so much thereof as should be necessary, should be applied to the education and support of Henry's children during his life.

Henry was then constituted a trustee for certain purposes connected with his share, and at his death the principal was to be divided equally among his children.

The testator recommended in his will that his property should be kept together so long as possible, but added that his suggestion should not be " construed as a direction or restriction."

The testator died May 15th, 1882, and the lease in question was executed September 24, 1891, the term being ten years from May 1st, 1893 ; the tenant, John Appell, had been the lessee of the premises since 1869.

At the time this lease ·was made no actual division had been made of the residuary estate into eight shares as directed by the will.

The will named the widow and three of the testator's children, John, Samuel and Catharine, as executors and trustees..

The widow died before the execution of the lease; the instrument was originally executed by John and Samuel only, but Catharine subsequently, as one of the plaintiffs, abandoned this suit and ratified the acts of John and Samuel in executing the lease.

This disposes of the first objection to the lease, that it was not executed by all of the trustees under the will. The third objection, that the lease was improvidently made, was disposed of below as a question of fact upon conflicting evidence, and nothing is presented for our consideration.

. This leaves the single question whether the provisions of the codicil constituted the plaintiff, Henry Corse, such a trustee of the *corpus* of the undivided estate, or any part thereof, as would render his signature to the lease necessary in order to make it valid in the hands of the defendant, Jacob Appell.

As the executors and trustees under the will are authorized to receive the rents and income of the residuary estate, the power to lease is clearly implied, and any lease made in good faith would be valid and binding on all the parties in interest.

As there had been no actual division of the estate into shares at the time of executing the lease, it follows that a subsequent creation of the shares by the executors and trustees would be subject to any lease or leases made in the due course of administering the estate.

Until such a division of the estate is made there is no definite share or interest upon which the provisions of the codicil can operate, and it follows that even under the most favorable construction of the will and codicil in the interest of the

appellant his signature to the lease was neither necessary nor proper.

• In the view we take of this case it is unnecessary to determine the rights of the appellant under the codicil as to his particular share; the question is not now presented. It does not yet appear what property will constitute that share.

Whatever remedies may be open to the appellant, in order to carry out the intent of the testator as expressed in the codicil to his will, it is clear that the judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.