(15 Misc. Rep. 638.)

WESTON v. RYLEY.

(City Court of New York, General Term. February 7, 1896.)

1. ACTION FOR RENT—PLEADING AND PROOF.
   In an action to recover two months' rent covenanted to be paid by defendant, plaintiff need not allege or prove that defendant occupied the rented premises, and where defendant denies this allegation only, plaintiff's cause of action is fully admitted.

2. SAME—AFFIRMATIVE DEFENSE—JUDGMENT ON PLEADINGS.
   In such action, where defendant sets up an affirmative defense which did not arise until the middle of the first month in dispute, and the rent for that month was due and payable in advance, plaintiff is entitled to have a verdict directed for that month.

3. SAME—VERDICT DIRECTED—EXCEPTIONS.
   Where a motion for judgment is for the rent of two months, and defendant takes a general exception only, he fails to raise the specific question of defense to the second month's rent.

Appeal from trial term.

Action by Edward Weston against Rupert A. Ryley to recover rents. From a judgment on a verdict directed for plaintiff, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and McCARTHY and SCHUCHMAN, JJ.

John J. Adams, for appellant.
Wm. H. Sweney, for respondent.

SCHUCHMAN, J. This is an appeal from a judgment directed upon the pleadings in favor of the plaintiff and against the defendant. The action is brought by the plaintiff to recover from the de-

fendant rent of a flat, in the premises known as No. 23 West 20th street, in the city of New York, for the months of August and September, 1895, covenanted to be paid by defendant, in a written lease, for the term of two years from November 1, 1894. The action is brought on an express covenant to pay rent. In such an action, plaintiff in his complaint need not allege or prove that the defendant occupied or enjoyed the premises. Gilhooley v. Washington, 4 N. Y. 217. For that reason, the denial in the first paragraph of defendant's answer does not avail him. It appears, therefore, that the plaintiff's cause of action, as set up in his complaint, is fully admitted by the answer. Defendant must therefore rely upon the affirmative defense set up in the third paragraph of his answer, to wit, surrender and acceptance. This defense, as pleaded, did not arise until August 12, 1895, while the rent for the month of August was payable on August 1st, in advance, so that plaintiff was clearly entitled to a direction for one month's rent. To the motion for judgment on the answer, which was granted, defendant took a general exception, thereby disputing that plaintiff was entitled to any judgment at all, when he was clearly entitled to judgment for one month's rent, and wholly failed to raise the specific question of defense to the rent for the month of September. Defendant omitting to call the attention of the court to the question of the liability for the rent for the month of September upon the trial, it is too late to raise it on appeal. Tuers v. Tuers, 100 N. Y. 196, 2 N. E. 922.

Judgment is therefore affirmed, with costs. All concur.