(33 Misc. Rep. 284.)

## BLANCHARD et al. v. BLANCHARD.

(Supreme Court, Special Term, Kings County. December, 1900.)

1. GUARDIAN AND WARD—PETITION TO SELL REAL ESTATE—SUFFICIENCY.

A petition to sell the undivided interest of an infant in land, which states that the executors of the infant's ancestor are about to sell the interest of the other tenants under a power in the will, and that the purchasers will no doubt be strangers to the infant, and apt to disregard in great measure her undivided interest, and might bring partition against her, sufficiently alleges that the application is made to avoid a partition by the co-tenants, within Code Civ. Proc. § 2350, providing that, where such allegation is made, the particulars concerning the real and personal estate of the infant, her income, and the debts against her estate need not be stated.

2. SAME—AGREEMENT FOR SALE.

Code Civ. Proc. § 2356, authorizing the sale of land by special guardian, and requiring him to "enter into an agreement" for the sale, and report it to the court, does not require such agreement to be in writing.

3. SAME—SPECIFIC PERFORMANCE—STATUTE OF FRAUDS.

It is no defense to a suit to enforce performance of a land contract, entered into by executors under a power in a will, that an agreement to sell by a special guardian appointed in proceedings brought to sell the interest of an infant co-tenant to the same purchasers, and thus make good title to the land, was not in writing; the agreement to be performed being the one executed by the executors, and the infant being an unnecessary party to the suit.

4. SAME—BOND OF SPECIAL GUARDIAN.

That one appointed as special guardian to sell land of an infant was also general guardian of the infant, and that the court ordered that the bond given by her as general guardian should be a sufficient bond as special guardian, did not make the sureties on the bond liable for any dereliction of the special guardian; and as the order, in effect, dispensed with any bond by the special guardian, though one was required by Code Civ. Proc. § 2352, the purchaser of such land could not be compelled to accept the conveyance.

5. SAME.

The defect was not cured by the court ordering the proceeds of the sale to be paid to the guardian in his capacity as general guardian, since the bond of the special guardian includes more than his accounting for the purchase money, comprising the faithful performance of all his duties, the most important of which is to honestly get the best price he can for the property.

Suit by Mary C. Blanchard and another, as executors of the will of Harry W. H. Blanchard, deceased, and Mary C. Blanchard, as special guardian of Mary E. Blanchard, an infant, against Elizabeth Blanchard, to enforce specific performance of a contract to convey land. Judgment for defendant.

Charles M. Stafford, for plaintiffs.
John C. McGuire, for defendant.

GAYNOR, J.   The two adult plaintiffs sold the land to the defendant at public auction as executors of the last will of a deceased, under a power of sale therein.   The defendant refused to carry out the sale on the ground that a good title was not tendered.   The infant plaintiff is a posthumous child of the said deceased, and as such became vested with title to an undivided one-third of the said land by virtue of the statute letting in after-born children of a testator to the share they would have taken if he had died intestate, where the will does not provide for them.   A proceeding for the sale of such infant's interest was had in this court, and a deed of conveyance of such interest by the special guardian appointed therein was tendered to the defendant with the deed of the executors.   Objection was made that such deed would not convey the infant's title, because of irregularities in the said proceeding.

The first alleged irregularity is that the petition, for not stating the particulars enumerated in section 2350 of the Code of Civil Procedure concerning the real and personal estate of the infant, his income and the debts against his estate, was insufficient to confer jurisdiction on the court.   But that section says that these particulars need not be stated where the application is made to sell an undivided interest of the infant in order to avoid an action of partition by his co-tenants.   The petition sufficiently states that this is the object.   After stating that the executors are about to sell the land under the power of sale in the will, it says that the "purchasers of said property will no doubt be strangers to said infant and apt to disregard in great measure her undivided interest, and may also bring an action against said infant to compel a partition of said property."   From the nature of the case such a statement must usually be inferential like this one.

The next alleged irregularity is that the special guardian did not report back to the court a written agreement of sale by her of the infant's interest for the confirmation of the court, but only an oral agreement, and that the court was therefore without jurisdiction to confirm the agreement of sale and direct a deed of conveyance to be made by the special guardian.   The case of Hardie v. Andrews, 13 Civ. Proc. R. 413, is cited for this.   But the question was not up there, and therefore could not be decided.   The observation in the opinion of the learned judge that the word "enter" in the provision in section 2356 of the Code of Civil Procedure, that the special guardian "must enter into an agreement" for the sale and report it to the court, "implies a written agreement," was obiter.   In common speech the word has no such restricted meaning, and I cannot find that it has in law.   The proceeding to sell an infant's real estate comes under the general rule that in statutory proceedings in derogation of the common law to divest one of his property every requirement of the statute having even a semblance of benefit to the owner must be complied with in order to divest him of his title. Ellwood v. Northrup, 106 N. Y. 172, 12 N. E. 590; Battell v. Torrey, 65 N. Y. 294; Stilwell v. Swarthout, 81 N. Y. 109; Insurance Co. v. Barnard, 96 N. Y. 525.   But a court cannot add requirements.   This statute does not say the agreement must be in writing, and it has

been held in a case in principle the same that a court cannot require a writing as an essential when the statute does not. Kane v. City of Brooklyn, 114 N. Y. 586, 21 N. E. 1053. Nor does the statute of frauds stand in the way of requiring specific performance by the defendant here because of the absence of such written agreement, as in Re Hazard, 9 Paige, 365. The agreement to be performed is the written one made by the defendant with the executors. The infant seems to be an unnecessary party to the action.

The next objection is more serious. Section 2352 of the Code of Civil Procedure requires that the special guardian on being appointed must file a bond in such an amount and with such sureties as the court shall direct "for the faithful discharge of his trust," and the accounting for and paying over of all money received by him in the proceeding. The person appointed to be such special guardian was also the guardian of the property of the infant, appointed by a surrogate's court; and in the order appointing her such special guardian it was ordered "that the bond heretofore given by her for the faithful discharge of her duties as guardian of said infant be deemed a sufficient bond in respect to these proceedings, and a compliance with the statute relating thereto." As the sureties on that bond could not be held liable for any dereliction of the special guardian, the order in fact dispensed with any bond. This seems to have been fatal to the jurisdiction of the court to go further in the proceeding. The requirement that a bond should be given is of a most substantial character, and, as we have seen, no requirement of the statute "having the semblance of benefit" to the infant could be dispensed with by the court without making the proceedings as a whole void. It is said that as the order confirming the report of sale directed that the proceeds of the sale should be paid to the individual who was the special guardian in his capacity as guardian of the property of the infant, no harm can have been or may be done to the infant. But the bond required by the statute of a special guardian includes more than his accounting for the purchase money. It is conditioned for the faithful performance of all his duties; and the most important of them all is that he shall not sacrifice the infant's property, but shall honestly and diligently get the best price he can.

Judgment for the defendant, with costs.