(117 App. Div. 754)

### HEGEMAN v. STEARNS REALTY CO.

(Supreme Court, Appellate Division. Second Department. March 8, 1907.)

INFANTS—SALE OF, LAND—REFERENCE.

Code Civ. Proc. § 2354, regulating the sale of lands belonging to infants, provides that on petition for such sale and the filing of a bond, where the filing of a bond is required, the court shall appoint a referee to inquire into the merits of the application, and that the referee shall hear proof and report his opinion thereon, with the testimony. *Held,* that where petitioner's attorney prepared an order of reference and presented it to the referee, but never saw the order signed by a judge of the court, and no order appointing a referee was on file among the papers in the proceeding, the sale was void.

Hirschberg, P. J., and Hooker, J., dissenting.

Appeal from Special Term, Westchester County.

Action by John R. Hegeman against the Stearns Realty Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

C. N. Bovee (Frederick C. Lawyer, on the brief), for appellant.

Harold Swain (Norman Wilmer Chandler, on the brief), for respondent.

MILLER, J. The action is brought to recover money paid on account of the purchase price of real property contracted to be conveyed to the plaintiff's assignor. It is based on an alleged defective title. The defendant's title depends upon the validity of proceedings to sell an infant's real property, pursuant to section 2346 et seq. of the Code of Civil Procedure. The defect alleged is the absence of the order of reference required by section 2354. The papers in said proceeding on file in the county clerk's office are the petition of the guardian of the infant, who was under the age of 14, the consent and order appointing the special guardian, the undertaking of said guardian, the report of a referee, the order of the Supreme Court confirming the report and directing a conveyance, an agreement to convey, an order of the court confirming said agreement and directing a conveyance, the report of the special guardian, and the order confirming it. The petition alleged that a sale was necessary in order to save a sale of the property to satisfy liens, and that the infant's interest was worth only $100, and that was the amount realized. The final order in the proceeding was granted October 13, 1902. The deed was delivered by the special guardian on the 9th day of October, 1902, and on the same day the grantee borrowed $3,000, in addition to the incumbrances then on the property, from the mortgagee, who was claimed to have been

threatening foreclosure. The report of the referee and the order confirming it recite the appointment of the referee. The deputy county clerk testified that there was no order of reference in the clerk's office and no record of the entry of such order. The attorney for the petitioner in said proceeding testified:

"I prepared a paper, which would have been an order of reference, had it been entered, and gave it to Mr. Lockwood [the latter was the referee]. * * * I never saw that paper signed by a judge of the Supreme Court."

We need spend no time on the proposition that a proceeding in derogation of the common law to sell an infant's real property depends for its validity on a strict compliance with the terms of the statute authorizing it. If there was no order of reference, the proceeding was absolutely void, and the proof on that point is the only question now involved. The respondent urges that the recitals in the order confirming the report of the referee furnish presumptive evidence in proof of the order. I do not think we need to determine now to what extent such presumption could be indulged, or whether the burden was upon the defendant to show compliance with the statute, because it seems to me that whatever probative force the recitals may be entitled to is overcome by the testimony of the attorney who had charge of the matter, and the only fair inference from his testimony is that he never made application to the court for the order of reference. He tells what he did. That was to prepare a paper and hand it to the alleged referee. It would not have been proper for him to have suggested to the court the referee to be appointed; much less could he prepare a proposed order and leave it to the referee named therein to have himself appointed. The referee evidently assumed that the paper handed him was in fact an order granted by the court, and that accounts for the fact that no such order is found in the papers on file.

I think this view makes further consideration of the case unnecessary, and requires the conclusion that the purchaser was not bound to accept the title offered.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide event. All concur, except Hirschberg, P. J., and Hooker, J., who dissent.