### ROCHELLE PARK ASS'N v. ENSINGER.

(Supreme Court, Appellate Division, Second Department. April 22, 1910.)

COVENANTS (§ 59*)—CONSTRUCTION AS PERSONAL OR RUNNING WITH LAND.

By a covenant in a deed that grantee would forthwith become a member of a park association and conform to its rules, grantee did not undertake that her heirs and assigns should become members, and, the covenant was personal, and did not run with the land, and did not bind a subsequent grantee who accepted her deed subject thereto, but without expressly assuming and agreeing to perform the same.

[Ed. Note.—For other cases, see Covenants, Dec. Dig. § 59.*]

Appeal from Special Term, Westchester County.

Action by the Rochelle Park Association against Grace Ensinger for annual membership dues. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BURR, THOMAS, RICH, and CARR, JJ.

A. P. Bachman, for appellant.
William S. Beers, for respondent.

. RICH, J. The facts are undisputed, and but a single question of law is presented. The Manhattan Life Insurance Company formerly owned a tract of land in the city of New Rochelle, which it laid out into a park, the lots constituting the same being placed in the market for sale, and conveyed under uniform restrictions and covenants. On March 4, 1892, said company conveyed one of said lots to Mary A. Ferguson. The deed contained a covenant restricting the property

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

against certain uses, stated the cost of the dwelling house to be erected thereon, and then provided:

"The party of the second part for herself, her heirs and assigns, doth further covenant with the said party of the first part, its successors and assigns, that she will forthwith become a member of the Rochelle Park Association and conform to its rules."

The plaintiff is a corporation succeeding to all the property and rights of the "Rochelle Park Association" referred to in the covenant. Mary A. Ferguson performed this covenant by signing the constitution and by-laws of the association, and paying dues. In 1900 she conveyed to Christian Lykke, who in 1902 conveyed to Mary W. Tyler, who in 1903 conveyed to Isabella Bloomfield, and the latter to the defendant in 1904. Each of these conveyances contains the following provision:

"Subject to certain covenants and restrictions as contained in the deed of the Manhattan Life Insurance Company to Mary A. Ferguson, bearing date the 4th day of March, 1892, and duly recorded in the office of the register of the county of Westchester, on the 5th day of March, 1892, in Liber 1, 261, page 314."

Neither of the grantees above named became a member of the association, or paid membership dues to it. The plaintiff's cause of action rests upon the two covenants above quoted. By the covenant contained in her deed, Mrs. Ferguson did not undertake that her heirs and assigns should become members of the association. While they are named, the membership requirement is confined to the grantee alone. It is for no defined term, and was fully performed by her. The covenant was personal, did not run with the land, and did not bind subsequent grantees. Clark v. Devoe, 124 N. Y. 120, 26 N. E. 275, 21 Am. St. Rep. 652. The defendant never became a member of the association, and never agreed to do so. By accepting a deed subject to the covenants and restrictions contained in the Ferguson deed, without expressly assuming and agreeing to perform the same, she assumed no personal liability, and, even were she chargeable as a grantee with such covenants, no action involving her personal liability could be maintained by the association against her. Scott v. McMillan, 76 N. Y. 141.

The judgment must be affirmed, with costs. All concur.