for his $100 commission and to take the same from Croft; that thereafter, and before the delivery to Croft of the deed and before the payment of the check, the defendants caused payment of said check to be stopped, refused delivery of the deed to Croft and repudiated the sale, by reason of which facts plaintiff was deprived of his right to collect his commission from the purchaser Croft under the contingent novation agreement, and the defendants became liable therefor under their original agreement. The answer denied the employment, alleged a parol agreement to sell and that the purchaser agreed to make the payment alleged.

*Edmund B. Jenks* for appellants.

*T. B. Merchant* and *Herbert C. Kibbe* for respondent.

Appeal dismissed, with costs; no opinion.

Concur: HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO, POUND, CRANE and ANDREWS, JJ.

---

THE RIVERVIEW MANOR ASSOCIATION, Appellant, *v.* ARTHUR BRÜCKNER et al., Respondents.

*Riverview Manor Assn.* v. *Bruckner*, 170 App. Div. 918, affirmed. (Submitted February 5, 1918; decided February 26, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 27, 1915, in favor of defendants upon the submission of a controversy under section 1279 of the Code of Civil Procedure. The stipulated facts disclosed: A tract of residential property about twenty miles from the Grand Central Station improved and laid out in plots suitable for suburban homes. The sale of those plots to home-seekers, with a covenant that the purchaser would pay an annual charge per square foot to sustain a bus service to and from the railroad station, distant about one mile. For the purpose of carrying this provision into effect said conveyances required the incorporation of an association, to which said annual

charge should be paid, and which should consist of the owners of said plots holding under contract or by deed. Such owners, with their families, were entitled to ride in said bus without further contribution. While this income might be expended for other beneficial purposes, the support of transportation was specified as the first charge thereon. The plaintiff is the incorporated association above mentioned. During the initial period of about three years the land company provided free transportation, and a fund was accumulated from payments by the members of the association, pursuant to said covenant, and an auto-bus was purchased therefrom for said service. Thereafter regular trips were made during a period of fifteen months, when the service was discontinued owing to the failure of members to make said annual payment. The binding force of said covenant is sought to be established in this action. The Appellate Division held that a court of equity will not enforce a covenant such as that which forms the basis of this controversy at the suit of one who is not a covenantee and to whom the covenantee was under no obligation at the time of the making of the covenant.

*Richard S. Harvey* for appellant.

*William Mann* for respondents.

Judgment affirmed, without costs; no opinion.

Concur: HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO, POUND, CRANE and ANDREWS, JJ.

---

WILLIAM J. O'CONNOR, Respondent, *v.* CHARLES LOESCH, Appellant, Impleaded with Others.

*O'Connor* v. *Loesch,* 171 App. Div. 947, affirmed.

(Argued February 6, 1918; decided February 26, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 30, 1915, affirming a judgment in favor of plaintiff entered upon a verdict in an action