CAROLINE S. COUTTS and FRANK G. WILD, as Trustees under the Will of GEORGE H. COUTTS, Deceased, Plaintiffs, *v.* J. L. KRAFT & BROS. COMPANY, Defendant.

Supreme Court, Kings Special Term, September, 1922.

Trusts — lease of real property by trustees for longer period than five years — approval by court — agreement to lease may be made before final order — confirmation by court — when lease valid without approval of court — Real Property Law, §§ 106, 107.

Judgment — summary — determination of question of law — Rules of Civil Practice, rule 113.

Where no question of fact is involved a motion for summary judgment under rule 113 of the Rules of Civil Practice may properly be considered even though an important and difficult question of law has to be determined.

Plaintiffs as trustees entered into an agreement with defendant to lease certain real property for a term of ten years. Application was made to the court by the plaintiffs to make the lease, a referee was appointed and the proposed lease, signed by all the parties and dated May 6, 1921, was submitted. The referee reported in favor of the lease, the report was confirmed by the court May 12, 1921, and the trustees authorized to lease the property and to report to the court. Defendant refused to execute an agreement in the form already agreed upon, stating that it had changed its plans and did not care to make the lease. Plaintiffs, relying upon the proposed lease, executed May 6, 1921, reported to the court that they had entered into an agreement with defendant leasing the property. The court by order dated May 20, 1921, confirmed the report and ratified and confirmed the lease dated May 6, 1921. Defendant contends that the statute (Real Prop. Law, §§ 106, 107) was not complied with as no agreement to make a lease was signed by it after the order of May 12, 1921. *Held,* that the statute does not require the agreement to make a lease to be entered into after the final order is made; that it may be made before the final order; that the time when the agreement is made is immaterial as it can only become effective upon approval by the court; that the paper signed by all the parties on May 6, 1921, was by its terms a lease; that the terms of the statute have been complied with and that plaintiffs are entitled to judgment.

*Held,* further, that a lease made by trustees without the approval of the court for a longer term than five years is valid during the term of the trust and if the trust continues during the whole term then the lease is valid for its entire period.

MOTION for judgment under rule 113 of the Rules of Civil Practice.

*Frank G. Wild* (*Herbert T. Ketcham,* of counsel), for plaintiffs.

*Chamberlin, Kafer & Wilds* (*Frederick G. Weisser,* of counsel), for defendant.

CROPSEY, J. Plaintiffs move for judgment under rule 113 of the Rules of Civil Practice. The first question presented is whether such a motion will lie upon the facts here presented. While there are denials in the pleadings most of them have disappeared as the result of the affidavits. In fact in defendant's brief it is stated:

" There is practically no question of fact except as to whether the defendant entered into possession of the property," and " The only other question of fact is whether the plaintiffs, if they are entitled to recover any sum at all, are entitled to recover the amount claimed in the complaint." There is an issue as to whether defendant entered into possession of the property and that is not removed by the affidavits. But that is an immaterial issue in this case. This action is to recover rent due under a written lease. Liability for the rent arises from the acceptance of the lease. It is of no moment whether the tenant in fact occupies the premises. *Smith* v. *Barber,* 96 App. Div. 236; *Weston* v. *Ryley,* 15 Misc. Rep. 638. Hence this issue may be disregarded. The only other question of fact claimed by defendant to exist is disposed of by the uncontradicted statements in the affidavits. They show there is no question as to the amount plaintiffs are entitled to recover, if they are entitled to any judgment.

Defendant contends further that the motion cannot prevail because a serious question of law is involved as to whether plaintiffs are entitled to recover. Defendant argues that a motion under rule 113 can prevail only where there are no questions of law and no questions of fact. The substance of this rule came from the English Practice Act provisions and under the latter it has been held that summary judgments may be given although a question of law is presented if it is not a difficult question. See cases noted in The Annual Practice (1922), 177. But even if the question of law were difficult I see no reason why it should not be passed upon upon such a motion. The theory of our amended rules and procedure was to simplify the practice. The demurrer was eliminated. Where the answer raises an issue the plaintiff cannot have judgment on the pleadings. And if in reality there be no issue of fact, as may be shown by affidavits, but only a question of law there is no way of having that question determined prior to the trial unless it may be done by virtue of rule 113. Certainly it can be disposed of with less delay under that rule than by waiting for the case to be reached for trial. I think where there is no question of fact involved that a motion for summary judgment under rule 113 may properly be considered even though an important question of law has to be determined. And this I think is the tendency of the decisions. *General Investment Co.* v. *Interborough Rapid Transit Co.,* 200 App. Div. 794.

An interesting question of law is presented. The plaintiffs are trustees of a piece of real property under a will, the trust to continue according to its terms during the lives of certain parties. The defendant sought to lease this property for a term of ten years.

After negotiations had been had the terms were agreed upon. Thereupon and before the terms had in fact been embodied in a writing the plaintiffs applied to this court for an order giving them authority to lease the premises upon the agreed terms which were set forth in the petition. The proper notice of the application was given and an order was made appointing a referee. Hearings were had before the latter and the proposed lease, which by that time had been signed by all the parties, was submitted to him. He reported recommending the lease be approved. Thereupon a motion was made to confirm the referee's report and to approve the lease which had been entered into. There was no opposition to this motion. The petitioners thereupon presented an order confirming the report and approving the lease in question and authorizing them to enter into and carry it out. This order the court did not sign, saying: " The order is not proper in form. It should provide for the confirmation of the referee's report and authorize the trustees to enter into a lease subject to the approval of the court (see Sec. 107, Real Property Law)." Following the court's direction the petitioners submitted an order which was signed May 12, 1922, confirming the report and authorizing them to enter into an agreement to lease the property upon the terms stated in the report and to report the same to the court. The petitioners thereupon communicated with the defendant, requesting it to execute an agreement to make a lease in the form already agreed upon. This the defendant refused to do, saying it had changed its plans and did not care to make the lease. This was the first intimation the petitioners had of the changed attitude on the part of the defendant.

Upon being advised of defendant's position petitioners promptly reported to this court under oath that they had entered into an agreement with the defendant leasing the property subject to the court's approval upon the terms set forth in the referee's report. The agreement to which the report referred was the one previously made with the defendant, dated May 6, 1921, and which has been mentioned. Upon this report this court made an order dated May 20, 1921, which is in part as follows: " It is ordered and adjudged that the said report of said petitioners be and hereby is confirmed and that the said agreement dated May 6th, 1921, between the petitioners and said J. L. Kraft & Bros. Company be and the same hereby is adopted, ratified and confirmed as the agreement of the petitioners herein under the authorization of the said order of May 12th, 1921; and it is further ordered and adjudged that the said agreement be and is hereby approved, ratified and confirmed as the lease of the said property between

said parties without further execution thereof and without further proceedings."

After the order of May 12, 1921, no paper was signed by defendant and no new agreement made between it and the plaintiffs. Defendant asserts that this court was without authority to make the order of May twentieth, claiming that the provisions of the statute had not been complied with. Its contention is that after the order of May twelfth plaintiffs and defendant should have made a new agreement agreeing to make a lease upon the stated terms, that that agreement should have been reported to the court under oath, that the court should have acted thereon and if it approved of it the parties should then have signed the formal lease.

The proceeding was brought under the provisions of the Real Property Law. Section 106 states that a trustee, such as the plaintiffs are, may execute a lease of real property " for a term not exceeding five years without application to the court." The section further provides that the Supreme Court may authorize such a trustee to lease the property for a term exceeding five years if satisfied that it is for the best interest of the trust estate. Section 107 prescribes the procedure to be followed if the court's approval to a lease for a longer term than five years is sought. The provisions of this section are substantially the same as those of the sections of the Code of Civil Procedure relating to the disposition of property of infants and incompetents (§§ 2350–2356). The portions of section 107 material for this discussion read: " After taking proof of the facts, either before the court or a referee, and hearing the parties and fully examining into the matter, the court must make a final order upon the application. In case the application is granted, the final order must authorize the real property affected by the trust or some portion thereof, to be mortgaged, sold or leased, upon such terms and conditions as the court may prescribe. * * * Before a mortgage, sale or lease can be made pursuant to the final order, the trustee must enter into an agreement therefor, subject to the approval of the court and must report the agreement to the court under oath. Upon the confirmation thereof, by order of the court he must execute as directed by the court a mortgage, deed or lease."

These provisions do require that before a lease can be made pursuant to the final order the trustee must enter into an agreement therefor subject to the court's approval and must report the agreement to the court under oath. But there is nothing in the language which requires such an agreement to be entered into *after* the final order has been made. Such an agreement may be

made after the final order, but I find nothing in the section that prevents such an agreement being made *before* the final order. The essential provision is that the agreement must be made subject to the court's approval and must be reported to the court under oath. The time the agreement shall be made is quite immaterial. It can become effective only if and when approved by the court. *Matter of Central Union Trust Co.*, 197 App. Div. 667. The section further provides that when the agreement has been confirmed by order of the court the trustee must execute the lease " as directed by the court." This is the equivalent of saying that the lease shall not be effective until approved by the court. The provision that the trustee must " execute " it after the agreement has been confirmed does not necessarily mean that the trustee must in fact sign it thereafter. If he had already signed it it would be an idle ceremony for him to re-sign it. The execution of the lease is to be " as directed by the court," and if it had already been signed by the trustee before confirmation the court could thereafter direct it to be delivered and used and thus become executed and effective.

The paper which was signed by all the parties was by its terms a lease. It contained all the terms and conditions and also the covenants usually appearing in such instruments. It was prepared with care and formality. It was signed by both plaintiffs and also by the defendant, by its vice-president, and bears the corporate seal of the latter, and is duly acknowledged. Among its other provisions there is this one: " 12th. It is understood and agreed, that this lease is subject to the approval thereof by the Supreme Court, in a certain proceeding now pending before it in Kings County entitled ' In the matter of the petition of Caroline S. Coutts and Frank G. Wild as trustees under the will of George H. Coutts, deceased (Caroline S. Coutts trust) for leave to lease real property.' " The proceeding referred to in the lease was the proceeding we are considering. Certainly this paper was at least an agreement to make a lease and it was made subject to the approval of the court and was reported to the court under oath, all as the statute requires. The only criticism so far as this point is concerned is that it was in fact made before the final order of the court was signed. But as has been already stated, the statute does not require that it shall have been made subsequent to the entry of the order. And no reason is offered why that should be required. The sole object of the proceeding is to protect the trust estate, and it is not apparent to me how that can in any way be affected merely by the date when the agreement was made.

Whether the agreement be made before or after the final order

it need not be approved unless the court believes it to be for the best interests of the estate. This is really all that was held in *Matter of Central Union Trust Co.,* 197 App. Div. 667, although the court there did say as *obiter* that the statute in question contemplated that the agreement should be made after the final order (p. 670). In fact the agreement whenever made need not be in writing. An oral agreement is sufficient. *Blanchard* v. *Blanchard,* 33 Misc. Rep. 284. This shows that no formality is required and further emphasizes the fact that the time of making the agreement is immaterial.

The court did authorize the making of the agreement to lease and it did confirm the agreement that had been made, and by order it directed the trustees to execute the lease in question. This latter it did by adopting, ratifying and confirming the agreement of lease, dated May 6, 1921, as the agreement of the petitioners under the authorization of the order of May twelfth, and by further approving, ratifying and confirming the said agreement as the lease of the premises between the said parties without further execution thereof. This was the manner in which the court directed the lease to be executed and I think it had authority so to do under the statute. It will be noted that the statute is not concerned with the lessee or his rights. Its sole concern is for the trust estate. There is no word in the statute requiring the lessee to sign an agreement to lease nor is there any provision as to when he shall sign the lease itself. He may do so before the court has made the final order or after that has been done.

There is also *obiter* in *Matter of Central Union Trust Co.* to the effect that the provisions of the Real Property Law contemplated a general application to sell or lease and not an application to do so to a particular individual. I do not find in the section the basis for this conclusion. Furthermore, common experience in court shows such proceedings are usually undertaken only for the purpose of procuring the approval of a sale or letting already tentatively agreed upon. Very few proceedings are brought to obtain leave to sell or lease where there is no prospective buyer or lessee. And the reason for it is simple. Such a general application would involve the estate in expense which might be wasted unless a purchaser or lessee could be promptly found who would take upon the terms approved.

I think the terms of the statute have been fully complied with. I recognize that the rule is that the provisions of the statute must be met and when they have not been in material respects that the proceeding is abortive. *Battell* v. *Torrey,* 65 N. Y. 294; *Stilwell* v. *Swarthout,* 81 id. 109; *Ellwood* v. *Northrup,* 106 id. 172; *Hegeman*

v. *Stearns Realty Co.*, 117 App. Div. 754; *Agricultural Insurance Co.* v. *Barnard*, 96 N. Y. 525. But in all the cases to which attention has been called in which the proceedings have been held to be defective there has been a substantial omission of some of the requirements. This is so with the possible exception of the case of *Beaumont Construction Co., Inc.,* v. *Higdon Elevator Co., Inc.,* N. Y. L. J. March 2, 1922, Cohalan, J. The opinion in that case accepts the dictum in *Matter of Central Union Trust Co.,* that the agreement must be made after the final order, as being the law. And in one portion of the opinion the statute is represented as requiring the agreement to sell or lease to be made in pursuance of the final order, though that is not the language of the statute. For the reasons already set forth I think it is not necessary to enter into the agreement after the final order has been made, and hence I cannot follow this decision.

But aside from the question already considered, there is another one which I think gives the plaintiffs the right to recover. The lease in question, but for the clause making it subject to the approval of the court, would have been valid and binding on all the parties even without the court's approval. Although the statute (§ 106) says that the trustee may lease for a period not longer than five years that was merely declaratory of the trustee's rights and did not grant such authority. And although the court's approval is not obtained a lease made by trustees for a longer term than five years is valid during the term of the trust and if the trust continues during the whole term of the lease then the lease is valid for the entire period covered by it. *Matter of City of New York (110th St.),* 81 App. Div. 27, 35; affd., 179 N. Y. 572; *Weir* v. *Barker,* 104 App. Div. 112; *Corse* v. *Corse,* 144 N. Y. 569. Hence this lease although for a period of ten years would have been absolutely valid and binding upon the defendant if it had not by its terms been made subject to the approval of the court. The defendant by executing the lease containing that clause impliedly agreed to do whatever was reasonably necessary to aid in securing such approval. *Genet* v. *D. & H. C. Co.,* 136 N. Y. 593, 608, 609; *Wilson* v. *Mechanical Orguinette Co.,* 170 id. 542, 550. As was said in *Wilhelm* v. *Wood,* 151 App. Div. 42, 46, defendant was obligated " not to interfere with the securing of this approval." Defendant could not by its refusal to do what was reasonably necessary to secure the court's approval prevent the obtaining of such approval and then avail itself of such lack of approval as a defense to its obligation. *Moses* v. *Bierling,* 31 N. Y. 462; *Gallagher* v. *Nichols,* 60 id. 438, 448. When the plaintiffs requested the defendant to execute an agreement to make

the lease in conformity with the original requirement of the court it was the duty of the defendant to have done so. It owed that obligation because of its execution of the agreement whereby it impliedly agreed to do whatever was reasonably necessary to obtain the court's approval. Defendant refused to sign such an agreement. It refused solely upon the ground that it no longer wished to make the lease. The refusal was not based upon any other ground. The lease as originally made was conditioned upon obtaining the court's approval. If such approval was not obtained because of the failure of the defendant to do what was reasonably required to secure it the necessity of obtaining such approval was dispensed with. The lease would then become effective without that approval.

The plaintiffs are entitled to judgment. Hence the motion is granted.

Judgment accordingly.