THE LAWRENCE PARK REALTY COMPANY, Respondent, *v.* POWELL CRICHTON, Executor, etc., of MINNA LOMBARD CRICHTON, Deceased, Appellant.

Second Department, November 12, 1926.

Deeds — covenants running with land — covenant by purchaser to pay proportionate share of maintenance of private road, etc., in development until January 1, 1925 — covenant stipulated that it ran with land and would bind heirs and assigns — subsequent purchaser is bound by covenant.

A covenant in a deed to a portion of a suburban development, which binds the grantee to pay her proportionate share of the maintenance and upkeep of private roads, walks, sewers and drains within the development until January 1, 1925, is binding on a subsequent purchaser, especially in view of a further provision in the covenant to the effect that it was to run with the land and that the grantee covenanted in behalf of herself and her heirs and assigns.

APPEAL by the defendant, Powell Crichton, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 11th day of May, 1926, denying defendant's motion to dismiss the complaint made on the ground that it did not state facts sufficient to constitute a cause of action.

*Powell Crichton* [*Francis Colety* with him on the brief], for the appellant.

*Thomas J. Minturn*, for the respondent.

Order denying defendant's motion to dismiss amended complaint affirmed, with ten dollars costs and disbursements, upon the opinion of Mr. Justice SEEGER at Special Term.

KELLY, P. J., JAYCOX, MANNING, YOUNG and KAPPER, JJ., concur.

The following is the opinion of the court below:

SEEGER, J. Motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The complaint alleges in substance that the plaintiff in August, 1917, was the owner of a tract of real property in the city of Yonkers, known as Lawrence Park West, according to a map filed in the office of the register of Westchester county, and that the plaintiff on August 15, 1917, conveyed to one Ruth B. Johnson a portion of said tract, known as " plot number one (1) in section ' N ' " by a deed which contained the following:

" And the said party of the second part, her heirs or assigns covenant and agree as follows: * * *

" *Sixth*. That for a term extending to the first day of January, 1925, during which time the party of the first part agrees that it will keep open and maintain as private roads, such roads and roadways laid out and opened through the said tract as are not owned and cared for by the municipality; and also to keep in good repair and condition the said roads and any walks, sewers and drains which may form a part of the general improvements in said tract; the party of the second part covenants and agrees upon demand to pay quarterly to The Lawrence Park Realty Company a proportion of the reasonable cost of such maintenance and repair of such roads and roadways, walks, sewers and drains, including street lights, so long as they are maintained as private roads by the party of the first part as aforesaid, equal to the proportion the assessed valuation of said premises bears to the total assessed valuation of all property with a frontage on said roads. Aforesaid tax, however, shall not exceed one per cent of the assessed value of the property in any one year.

" And it is expressly provided that the covenants shall run with the land intended to be affected thereby, and shall bind, and shall also enure to the benefit of the heirs and assigns of the respective parties to whom any part of the lands so made subject to the above restrictions shall at any time become or belong, until January 1, 1925, and that said covenants and restrictions may be enforced by action or injunction in favor of any or either of the said parties, or of their said heirs or grantees, until said first day of January, 1925."

That the defendant's testatrix, prior to January 1, 1921, became the owner of said plot No. 1 and took the same subject to the provisions of the covenants aforesaid, and that the same were binding upon her; that said plot No. 1 has a frontage on roads wholly within said Lawrence Park West, and not owned or cared for by the municipality; that during the period July 1, 1921, to December 31, 1923, the plaintiff expended various sums of money, the amount of which is set forth in said complaint, for maintenance and repair of roads and roadways not owned or cared for by the municipality, walks, sewers, drains and street lights in said Lawrence Park West, and that the proportion of said sums due from Minna Lombard Crichton, defendant's testatrix, by reason of the ownership of said plot No. 1 is in all $783.11, for which amount, with interest, the plaintiff asks judgment.

The defendant moves to dismiss the complaint upon the ground that the covenant set forth in the said complaint is a personal covenant, and in no wise bound the decedent or assignee of plaintiff's grantee, and cites the cases of *Miller* v. *Clary* (210 N. Y. 127);

*Norman* v. *Wells* (17 Wend. 136) and other cases which hold in effect that " If the thing to be done be merely collateral to the land, and doth not touch or concern the thing demised in any sort, there the assignee shall not be charged."

The defendant also urges that the covenant in question is one to pay a sum of money and nothing else, which will be expended by plaintiff in keeping open certain roads far removed from the property conveyed, and of any walks, sewers, drains and street lights in Lawrence Park West.

The defendant cites the case of *Rochelle Park Association* v. *Ensinger* (138 App. Div. 81) as an authority for the proposition that covenants of the kind in question do not run with the land. In that case the grantee covenanted that she would become a member of the Rochelle Park Association and conform to its rules. The grantee did join the association, sign the constitution and pay annual dues, which money was to be used by the association to maintain the roads and sidewalks in the park. The premises were conveyed through several grantees to the defendant in that case, none of the grantees had become a member of the association after the original grantee, and none of them had paid dues to it. The original grantee did not covenant that her heirs and assigns should become members of the association. The membership was for no definite term and was fully performed by her. The covenant was personal, did not run with the land, and did not bind subsequent grantees, and the court held that " By accepting a deed subject to the covenants and restrictions contained in the Ferguson deed, without expressly assuming and agreeing to perform the same, she assumed no personal liability."

The case at bar is distinguishable from the above cases in several important particulars.

The deed contains a covenant on the part of the grantor to keep open and maintain as private roads such roads and roadways laid out and opened through the said tract as are not owned and cared for by the municipality and to keep in good order and condition the said roads and any walks, sewers and drains which may form a part of the general improvements in said tract. This covenant can be enforced against the grantor. If such works were neglected the value of the lands in the park and the use and enjoyment thereof would be materially affected.

The covenants on the part of both grantee and grantor materially touch and concern the thing demised. That being the case, it would be unjust and inequitable after the plaintiff had complied with the covenants on its part to be performed, and incurred expense which inures to the benefit of the defendant's premises in such

material matters as the construction and maintenance of roads, drains, walks and lights, to refuse to enforce the covenant on the part of the grantees to contribute *pro rata* to the cost of such works. Besides the covenants run for a limited time only, until January 1, 1925. And it is " provided that the covenants shall run with the land intended to be affected thereby, and shall bind, and shall also enure to the benefit of the heirs and assigns of the respective parties to whom any part of the lands so made subject to the above restrictions shall at any time become or belong, until January 1, 1925, and that said covenants and restrictions may be enforced by action or injunction in favor of any or either of the said parties, or of their said heirs or grantees, until said first day of January, 1925."

To hold that this case comes within the rule of *Miller* v. *Clary* (*supra*), that affirmative covenants do not run with the land, would enable the defendant to accept the benefits of the covenants in the deed on the part of the plaintiff, the grantor in the deed, and to enjoy free of expense the roads, walks, sewers, drains and lights within the park, and the enhanced value of the premises by reason of having it located in a park with all these benefits and appurtenances. I am of the opinion that the case comes rather within the exceptions to the rule, and that these covenants should run with the land according to the terms of the deed for the time limited therein until January 1, 1925.

The motion for judgment on the pleadings is denied, with costs, and with leave to answer within twenty days.