Kennilwood Owners' Association, Inc., Plaintiff, v. —— Wall, Individually and as Administratrix with Will Annexed of Carolyn Armstrong, Deceased, Defendant.

Supreme Court, Kings County, November 4, 1932.

*Stoll & Lynde,* for the plaintiff.

*Charles Franklin,* for the defendant.

Steinbrink, J. This is a motion by plaintiff for summary judgment and a counter motion by defendant for judgment dismissing the complaint as insufficient in law. The facts alleged in the

complaint are substantially as follows: On October 1, 1925, Kennilwood Owners' Association, Inc., conveyed certain property to Carolyn Armstrong by a deed which contained, among other provisions, the following: "And the party of the second part agrees to pay to the Kennilwood Owners Assn., Inc., a sum of money as fixed and determined by said Kennilwood Owners Assn., Inc., not to exceed five (5) mills for each square foot of area of the property hereby conveyed, which sum shall be paid annually, in advance, on the 1st day of January of each and every year, on which date such charge or assessment shall become a lien upon the land and so continue until fully paid, and the party of the second part does hereby authorize and empower the said Kennilwood Owners Assn., Inc., to bring any and all actions or legal proceedings in the name of Kennilwood Owners Assn., Inc., for the collection of such charges or assessments and the enforcement of such liens. The proceeds of such charges and assessments shall be applied to the payment of the cost of the following so-called ' maintenance charges,' or any of them, to wit, street lighting, fire protection; improving and maintaining streets, lanes, waterways, places of common resort for the common use of property owners; planting of trees, shrubbery, and generally the upkeep and beautifying of property used in common."

The plaintiff association was subsequently organized, and under its by-laws the directors are charged with the duty of levying assessments, the proceeds of which, when collected, are to be used for purposes of street lighting and fire protection, improving and maintaining streets, lanes, waterways, places of common resort, and for the common use of property owners, planting of trees, and other like community improvements. The assessments levied in this manner against the property of Carolyn Armstrong for the years 1930, 1931 and 1932 have not been paid. It is alleged that Carolyn Armstrong died in the year 1930. In fact, as appears from the opposing affidavit, she died testate on February 9, 1931. The defendant, Wall, duly qualified as administratrix with the will annexed. The relief sought is the foreclosure of the liens claimed to have arisen against the property by reason of the non-payment of the assessments for the years above enumerated. The truth of the facts alleged in the complaint are not disputed, except the date of Carolyn Armstrong's death. Defendant's attorney points out in his opposing affidavit that the deceased was survived by her mother as sole next of kin and left a will in which no part of the real property was devised to the defendant Wall.

The defense to the motion for summary judgment consists of defendant's motion for judgment on the pleadings on the ground that the complaint fails to state a cause of action. The fact that

difficult questions of law may be involved is no answer to a motion for summary judgment. (*Coutts* v. *Kraft & Bros. Co.*, 119 Misc. 260.) Undoubtedly, the grantor and the grantee could agree that, under certain circumstances, a lien should be created to enforce which equity affords a remedy. (*Smith* v. *Smith*, 125 N. Y. 224, 230; *James* v. *Alderton Dock Yards*, 256 id. 298, 303.)

By the terms of the covenant above quoted, the grantee agreed to subject her land to a lien to the extent of the assessments levied against it. It is at once manifest that the entire nature of the development is predicated upon the existence of a right in the owner of the land to have the various services performed, and the reciprocal obligation on her part to pay the assessments levied, so that the performance of these services would be made possible. Enforcement of the liens thus created is not to be denied by equity because the services are to be performed and the assessments charged and collected by an agency other than the covenantee. The defendant cites the case of *Riverview Manor Assn.* v. *Bruckner* (223 N. Y. 526) in support of the proposition that the covenant here involved cannot be enforced at the suit of one who is not a covenantee and to whom the covenantor was under no obligation at the time of the making of the covenant. But careful examination of the agreed submission of facts in that case will reveal that the covenant there created was a personal one, the grantee agreeing to become a member of the Riverview Association and to pay into the treasury of this association a certain fixed sum on or before January first of each year. Obviously, this covenant could not be enforced as against the defendants who were subsequent owners of the property. In the instant case, however, the lien is being asserted against the estate of the original grantee. For the purpose of this decision, it is, therefore, unnecessary to determine whether the covenant to pay the maintenance charges does or does not run with the land. In this case, both the grantee and the grantor charged the plaintiff association with the duty of performing the services specified and vested it with the right to enforce the collection of maintenance charges imposed for the purpose of defraying the expenses incurred. In other words, the plaintiff association was created so that it might function as a common agency through which this residential development could be administered effectively for the benefit of all those owning property within the tract.

The defendant Wall has no individual interest in this real property. As against her, the plaintiff can assert no rights, and she individually is entitled to judgment on the pleadings dismissing the complaint. A different situation, however, is presented with respect to this defendant in her capacity as administratrix with the will annexed

of Carolyn Armstrong. The lien created by agreement of the parties is valid and enforcible. Certainly, for the years 1930 and 1931, at which time Carolyn Armstrong was still living, and as to the subsequent year, 1932, the real property is liable to the extent of the lien imposed, and, if any deficiency results upon the foreclosure of this lien, the estate of the deceased would be liable for that deficiency. To that extent there is good cause of action pleaded as against the defendant Wall, as administratrix. I can find no issue which need be disposed of at the trial.

Judgment for the plaintiff as against the defendant Wall, as administratrix, is granted. Defendant's motion for judgment dismissing the complaint as against defendant Wall, individually, is granted, and as against her, as administratrix, is denied. Submit order.