KENNILWOOD OWNERS' ASSOCIATION, INC., Plaintiff, *v.* JAYBRO REALTY & DEVELOPMENT COMPANY, INC., Defendant.

Supreme Court, Nassau County, February 14, 1935.

*Stoll & Lynde* [*H. Wilford Leavy* of counsel], for the plaintiff.

*George M. Jaffin* [*Edward Super* of counsel], for the defendant.

STEINBRINK, J.  This is a motion by the plaintiff for summary judgment in an action to foreclose an alleged lien on real property owned by the defendant.  In substance, the moving papers reveal the following: Kennilwood, Inc., plaintiff's predecessor in title,

acquired a tract of land comprising 160 acres, at Great Neck, Nassau county, upon which it projected an exclusive residential development. The tract was surveyed and plotted on a map which showed private streets, lots and reserved common property. The map was filed in the office of the clerk of Nassau county on September 25, 1925. Portions of the tract were conveyed from time to time with reference to the filed map and subject to covenants contained in the various contracts and deeds. A declaration filed on September 11, 1926, for the benefit of owners of property theretofore conveyed or which may thereafter be conveyed provided in part as follows: " The grantees of any plots or parcels as shown on the said map shall pay to Kennilwood Owners' Association, Inc., a sum of money as fixed and determined by the said association, not to exceed five mills for each square foot of area of the property thus conveyed, which sum shall be paid annually in advance on the first day of January of each and every year, on which date such charge or assessment shall become a lien upon the land, and so continue until fully paid, and the grantee of any such plot or parcel affected hereby shall be deemed by the acceptance of his, her or its deed to authorize and empower said Kennilwood Owners' Association, Inc., to bring any and all actions or legal proceedings in the name of the said association for the collection of such charges or assessments and the enforcement of such liens. The proceeds of such charges and assessments shall be applied to the payment of the cost of the following so-called ' maintenance charges ' or any of them, to wit: Street lighting, fire protection, improving and maintaining streets, lanes, waterways, places of common resort for the common use of property owners, planting of trees, shrubbery and generally the upkeep and beautifying of property used in common." It was also provided that the " covenants, restrictions and regulations contained in this declaration shall run with the land and be binding on all grantees in deeds from Kennilwood, Inc., and their respective heirs, assigns and grantees."

Like provisions are set forth in the various contracts and deeds of conveyance. In all the conveyances the grantor reserved to itself title to any land marked " Reserved," " Lagoon," or " Canal " on the filed map, and also to the streets or lanes shown thereon. The grantor reserved the right to convey the land so retained to the plaintiff.

In September of 1925, Kennilwood, Inc., and the Broadlawn Realty Corporation entered into a contract in the form of those above referred to, under which the latter agreed to purchase certain property within the development. Pursuant thereto a deed of conveyance was executed and delivered. Thereafter, by deed dated December 7, 1925, the defendant purchased the property

from the Broadlawn Realty Corporation subject to all the covenants, restrictions, easements, reservations and limitations contained in the former instruments and deeds of record, including the ones above mentioned. On March 24, 1927, Kennilwood, Inc., conveyed to the plaintiff, a membership corporation, whose members were owners of property within the tract, all of the property shown on the filed map as "reserved." Control and maintenance over all of the private streets and roads in the development had theretofore been transferred to the plaintiff. The grantor had previously laid out and constructed the streets and roads and had installed running water, fire hydrants, electric light, telephone and gas in compliance with the terms of its declaration and deeds. The plaintiff, as agent for the grantor and the various grantees, has constructed and maintained a dock, pier, yacht club and swimming pool, has repaired the streets and roads, has maintained the trees, shrubbery and grass, and has paid for the lighting of the streets, for the rental of the fire hydrants, for the insurance of the common property, and for other services necessary for the administration of this residential tract. Pursuant to the by-laws of the plaintiff association, of which the defendant is not a member, the directors levied assessments annually. The proceeds of the assessments have been applied from time to time to the purposes for which they had been imposed. The defendant has paid the assessments levied against its property for the years 1927 to 1930, inclusive, but has refused to pay the assessments for the years 1931 to 1933, inclusive. Plaintiff claims it had acquired a lien for the unpaid assessments which it now seeks to foreclose.

The denials interposed by the defendants are unsupported, and consequently do not raise triable issues of fact. The defendant's real opposition to the motion is predicated upon questions of law. The defendant contends: (1) That the covenant providing for payment of maintenance charges does not run with the land; (2) that the defendant's acceptance of the deed, subject to the record covenants, in the absence of any agreement of assumption, does not bind the defendant; (3) that the alleged lien was not created in the manner prescribed by section 259 of the Real Property Law.

In *Kennilwood Owners' Association, Inc.*, v. *Wall* (148 Misc. 67) the court held that a covenant such as the one under consideration created a lien on the grantee's property to enforce which equity provides a remedy. There, inasmuch as a lien was being enforced against the immediate grantee, it was unnecessary to determine whether the covenant ran with the land so as to bind subsequent grantees. In a later decision involving the same covenant (*Kennilwood Associates* v. *Wall*, N. Y. L. J., Kings County, August 11,

1933), the court held that the covenant, while real rather than personal, did not run with the land in favor of the plaintiff, whose privity of estate with the common grantor was not shown. But here, privity of estate between the plaintiff and Kennilwood, Inc., is established by the conveyance to the former of the common property, and consequently, under the authority of *Lawrence Park Realty Co.* v. *Crichton* (218 App. Div. 374), the covenant, even though affirmative in character, may be held to run with the land. In that case the court found an exception from the rule announced in *Miller* v. *Clary* (210 N. Y. 127), that affirmative covenants do not run with the land, because to apply the rule " would enable the defendant to accept the benefits of the covenants in the deed on the part of the plaintiff, the grantor in the deed, and to enjoy free of expense the roads, walks, sewers, drains and lights within the park, and the enhanced value of the premises by reason of having it located in a park with all these benefits and appurtenances." (218 App. Div. 374, at p. 377.) The reason for the exception applies as well to the instant case.

Section 259 of the Real Property Law has been satisfied, inasmuch as it is admitted that the defendant's grantor had, by a contract in writing, agreed to create an interest in the real property being conveyed in favor of the plaintiff. The defendant took subject to that incumbrance, and it is, therefore, of no significance to determine whether the defendant has expressly assumed the obligations of the covenant.

The motion is granted. Settle order and judgment on notice.