Matter of the Application of CENTRAL UNION TRUST COMPANY OF NEW YORK, as Trustee under the Will of LAURA A. DELANO, Deceased, of the Several Trusts by Said Will Created for the Benefit of JOHN ARMSTRONG CHANLER, WINTHROP ASTOR CHANLER, ELIZABETH WINTHROP CHAPMAN, WILLIAM ASTOR CHANLER, LOUIS STUYVESANT CHANLER, MARGARET LIVINGSTON ALDRICH, ROBERT WINTHROP CHANLER and ALIDA BEEKMAN EMMET, Respectively, for Leave to Sell Certain Real Estate Pursuant to Sections 105 and 107 of the Real Property Law.

(Supreme Court, New York Special Term, January, 1921.)

**Real Property Law, §§ 105, 107 — when sale of real estate by a testamentary trustee will be approved — evidence.**

> A sale of real estate by a testamentary trustee pursuant to leave granted under sections 105 and 107 of the Real Property Law will not be rejected, because, pending the application for leave to sell and a hearing thereon, there has been an increase in values. The sale will be approved at the price offered, which the testimony shows to have been fair when made and accepted subject to the approval of the court.

APPLICATION by a trustee to sell certain real estate.

Miller, King, Lane & Trafford (James Gore King and Walcott P. Robbins, of counsel), for Central Union Trust Company of New York, as trustee, etc., petitioner.

Egerton L. Winthrop, Jr., guardian *ad litem* for Christopher Temple Emmet and others.

Egerton L. Winthrop, guardian *ad litem* for C. T. Emmet, Jr., and others.

Misc.]                    Supreme Court, January, 1921.

Charles A. Runk, as a friend of the court.

William Bondy, referee.

McAVOY, J.   All of the testimony has been read. The views of the experts are highly speculative and as usual give ground for assuming that they were subject to change within the month if realty conditions were less abnormal than at the time of testimony.  I do not agree with the referee that sale ought to be rejected because a forward leap in values has been made pending the application to the court for leave to sell and the hearing thereon.  Such a rule carries with it a great detriment to and a lack of stability in the results of these proceedings.  If the bargain is good when made the court ought to give the advantage to the buyer.  The seller has all that he intended to get and cannot ask more.  Neither should a court adopt an attitude which in effect says to the bargainer: You may have the land if we do not find a way to repudiate the contract through securing a higher bid. After promising to convey to a buyer if the bargain be approved by the court, the time of value taking is the date of the contract.  Any other rule is unworkable, leads to temerity in making these sales by trustees where there are infant remaindermen and would inhibit the sale of almost any land which had the prospect of a use pending a costly, lengthy and difficult proceeding.  The sale will be approved as of the price offered which the testimony shows to have been fair when made and accepted subject to judicial approval, and to have been inflated as of the date of the reference by an unusual demand not necessarily likely to continue.

Ordered accordingly.