In the Matter of the Application of CENTRAL UNION TRUST COMPANY OF NEW YORK, Respondent, as Trustee under the Will of LAURA A. DELANO, Deceased, etc., for Leave to Sell Certain Real Estate, Pursuant to Sections 105 and 107 of the Real Property Law.

FREDERICK W. BISGOOD, Guardian ad Litem of JULIA CHANLER, and Others, and EGERTON L. WINTHROP, JR., Guardian ad Litem of CHRISTOPHER TEMPLE EMMET, JR., and Others, Appellants.

First Department, July 8, 1921.

Trusts — sale of real property by trustee — Real Property Law, §§ 105 and 107, construed 'and applied — agreement for sale of property should not be confirmed where at time of application to court property has materially increased in value — court concerned with interests of cestui que trustent only.

Sections 105 and 107 of the Real Property Law in relation to the sale of real property by a trustee contemplate an application to sell for the specific reasons named in the statute, and the granting of the final order authorizing the sale upon terms and conditions named. The application authorized is not an application to sell to a particular individual, but a general application to sell and an agreement with a purchaser subject to the confirmation of the court is contemplated to be made after the final order provided a purchaser can be found who will purchase the property upon the terms prescribed therein.

The order of the court authorizing and directing the sale must be made in view of the conditions existing at the date of the order and cannot be affected by any prior agreement which may have been made between the trustee and a willing purchaser.

Accordingly, a contract by a trustee for the sale of trust property at $160,000 should not be confirmed on an application to sell the property where it is made to appear at the time of the application that the property has increased in value and is then worth $200,000.

On an application for the sale of trust property the court is not concerned with the interests of any purchaser but only with the interests of the cestuis que trustent.

APPEAL by Frederick W. Bisgood and another from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of March, 1921, authorizing, empowering and directing the Central Union Trust Company,

as substituted trustee under the will of Laura A. Delano, deceased, to sell property of the estate for the sum of $160,000.

*Egerton L. Winthrop, Jr.*, guardian *ad litem*, for the appellants Christopher T. Emmet, Jr., and others.

*Frederick W. Bisgood*, guardian *ad litem*, for the appellants Julia Chanler and others.

*Wolcott P. Robbins* of counsel [*James Gore King* with him on the brief; *Miller, King, Lane & Trafford*, attorneys], for the respondent.

*Charles A. Runk* of counsel [*Seibert, Paddock & Cochran*, attorneys], for the Harris Company, Inc.

SMITH, J.:

In the case instant there was no power of sale given by the will. The application was, therefore, made by the substituted trustee for leave to sell real property belonging to the estate situated upon Broadway in the borough of Manhattan. On September 12, 1919, this trustee entered into an agreement with one Abraham Harris for the sale to him of said premises for $160,000. It was provided in the contract, however, that the agreement was entered into by the seller, subject to its first obtaining leave of the Supreme Court to make this sale and to deliver the deed hereinafter mentioned and that in the event of any delay in procuring said leave extending beyond the time for the delivery of the deed as thereinafter mentioned, the seller should be entitled to such reasonable adjournment of the time of closing as would cover said delay, and such adjournment should not prejudice the seller as respects payment of the taxes of 1919, second half, which taxes, if then a lien, should be borne by the purchaser. The parties interested in this application as beneficiaries and remaindermen were very numerous. Many of them resided in other States and foreign countries and many of them were infants, and eight months elapsed from the time of the signing of the agreement and the filing of the application with notice thereof to all the interested parties on or about May 19, 1920. The application was referred to a referee to take

evidence and report to the court.   In the report made it was found that at the time the contract was made with Harris the property was worth $160,000, but that at the time application was made for the confirmation of the report and the direction for the sale, the property was worth $200,000.   The referee, therefore, reported that in his judgment the application should not be granted, as the contract was made subject to confirmation, and at the time of the application for confirmation the property was worth considerably more than the contract price.   This conclusion of the referee was overruled by the Special Term, which held that, inasmuch as the price named in the agreement was a fair value of the property at the time the contract was made, the purchaser was entitled to the confirmation of the sale, notwithstanding the fact that its value had, in the meantime, and before the application for confirmation, increased about twenty-five per cent in value. (114 Misc. Rep. 214.)

This application was made to the court under sections 105 and 107 of the Real Property Law.   Under section 105 (as amd. by Laws of 1918, chap. 403) the Supreme Court may, upon such terms and conditions as seem just and proper, authorize any trustee to mortgage or sell real property, or any part thereof, " whenever it appears to the satisfaction of the court that said real property, or some portion thereof, has become so unproductive that it is for the best interest of such estate   *   *   *   or that for other peculiar reasons, or on account of other peculiar circumstances, it is for the best interest of said estate."   By section 107 (as amd. by Laws of 1918, chap. 578, and Laws of 1920, chap. 639) the procedure is specified.   The application must be by petition duly verified which shall set forth the condition of the trust estate and the particular facts which make it necessary or proper that the application should be granted.   It is then provided: " After taking proof of the facts, either before the court or a referee, and hearing the parties and fully examining into the matter, the court must make a final order upon the application.   In case the application is granted, the final order must authorize the real property affected by the trust or some portion thereof, to be mortgaged, sold or leased, upon such terms and conditions as the court may prescribe.   *   *   *   Before a mort-

First Department, July, 1921.    [Vol. 197

gage, sale or lease can be made pursuant to the final order, the trustee must enter into an agreement therefor, subject to the approval of the court and must report the agreement to the court under oath. Upon the confirmation thereof, by order of the court he must execute as directed by the court a mortgage, deed or lease." It is then provided that a mortgage, conveyance or lease made pursuant to such final order shall be binding upon all parties interested. This statute seems to contemplate an application to sell for the specific reasons named in the statute, and the granting of the final order authorizing the sale upon terms and conditions named. It will be noticed that the application authorized is not an application to sell to a particular individual, but a general application to sell and an agreement with a purchaser subject to the confirmation of the court is contemplated to be made after the final order provided a purchaser can be found who will purchase the property upon the terms prescribed therein.

The fact that this contract was made before the application to sell can give to the purchaser no greater rights than he would have if the agreement had been made as contemplated by the statute after the final order for sale, and the order of the court therefor, authorizing and directing the sale must be made in view of the conditions existing at the time the order is made and cannot be affected by any agreement which may have been made between the trustee and a willing purchaser prior to the time that the final order is made. In this case the finding of fact is that the property was worth $200,000. As against this finding we think that the court improperly approved the contract and ordered the sale at the sum of $160,000. It is the interest of the *cestuis que trustent* with which the court is concerned and not the interest of the anxious purchaser. This is clearly shown by the proceedings contemplated by the statute for the making of the final order fixing the terms and conditions of the sale prior to the contract of sale which must afterwards be approved by the court.

The case of *Wilber* v. *Wilber* (119 App. Div. 740) is clearly distinguishable in principle from this case. The question there arose upon a receiver's sale, wherein the interests of

infants or the *cestuis que trustent* were not involved, and wherein the parties interested, being of full age, had full opportunity to protect themselves by appearing upon the sale and bidding upon the property to the extent of its full value. In such a case it may well be held that a subsequent offer of a higher price should not be considered.

With the finding of the referee and court that the interests of the estate and of the *cestuis que trustent* require a sale of the property, we are not inclined to differ. None of the parties question this conclusion. The order should be modified authorizing and directing the sale for the sum of $200,000, and directing the trustee to enter into an agreement for the sale of the property at that price, which agreement, when made, must be submitted to the court for its approval. As modified, the order should be affirmed, with costs to appellants from the estate to be adjudged upon the final settlement of this order, which may be settled upon notice.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Order modified as directed in opinion, and as so modified affirmed, with costs to appellants payable out of the estate. Settle order on notice.