BEAUMONT CONSTRUCTION CO., INC., Appellant, *v.* HIGDON ELEVATOR CO., INC., Respondent.

First Department, December 15, 1922.

Incompetent persons — sale of real property — petition presented for appointment of referee to determine advisability of sale — referee recommended sale — order of confirmation directed committee to sell — tentative contract of sale made and thereafter petition was presented asking that sale be authorized — matter referred and referee reported in favor of sale and report was confirmed — two petitions and proceedings thereunder constituted but one proceeding — procedure not improper — title acquired on sale not invalid and unmarketable though contract of sale, beneficial to incompetent, was made before final order entered — proceeding was instituted by first petition — failure to file bond required by Code of Civil Procedure, § 2351 (now Civ. Prac. Act, § 1393), with first petition not jurisdictional defect when bond was filed by order granted on second petition and all matters were reviewed on proceedings thereunder — proof of value taken on second reference sufficient compliance with General Rules of Practice, rule 56 (now Rules of Civ. Prac. rule 298) — plaintiff's title acquired through mesne conveyances from committee is marketable.

One proceeding only was had for the sale of the real estate of an incompetent and the procedure therein was in conformity with the Code of Civil Procedure, where it appears that the committee for the incompetent presented a petition asking the court, among other things, to appoint a referee to examine the question whether the committee should be authorized to sell any, and what, real estate of the incompetent at public auction or at private sale, or to mortgage or otherwise dispose of the same or any part thereof; that the matter was referred and the report of the referee recommending a sale was confirmed by an order which directed the committee to take all proceedings necessary for the disposal of the real estate of the incompetent; that several months thereafter the committee entered into a contract for the sale of the real estate subject to the approval of the court; that thereafter the committee presented a petition reciting the proceedings already had and that a contract had been made subject to the approval of the court and asked the court that the proposed sale be authorized; that the report of a referee then appointed, which favored the sale, and the execution of the contract, was duly confirmed and the committee was

**820** Beaumont Const. Co., Inc., *v.* Higdon Elevator Co., Inc.

First Department, December, 1922. [Vol. 203

instructed to carry out the contract and to execute the deed; that the deed was executed and the money distributed with the approval of the court, and that all parties interested had notice of the proceedings.

The fact that the contract for the sale of the property, which was made subject to the approval of the court, was entered into before the final order was entered, was at most an irregularity and did not render invalid the title finally given upon the approval of the sale upon the contract.

The proceeding was instituted by the first petition.

The failure to file the bond provided for by section 2351 of the Code of Civil Procedure (now Civ. Prac. Act, § 1393) at the time of the filing of the original petition did not constitute a jurisdictional defect, since the bond was filed by the order granted on the second petition and upon the reference under that order all matters were reviewed which were required to be determined upon an original petition for the sale of real estate.

The rights of the incompetent were not prejudiced by the failure to prove the value of the property in the original petition by two disinterested persons as required by rule 56 of the General Rules of Practice (now Rules of Civ. Prac. rule 298) since that proof was offered upon the hearing before the referee under the order granted on the second petition.

Accordingly, the committee transferred a good and marketable title to the purchaser, and the plaintiff in this action to compel the specific performance of the contract for the sale of the same land, which it acquired by mesne conveyances from the purchaser, had a good and marketable title.

Dowling, J., dissents, with memorandum.

Appeal by the plaintiff, Beaumont Construction Co., Inc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 6th day of March, 1922, upon the decision of the court rendered after a trial at the New York Special Term.

*Henry M. Bellinger* [*Morgan J. O'Brien* of counsel; *George Gardiner Fry* and *Louis P. Mead* with him on the brief], for the appellant.

*Harold Swain* [*Harold Swain* of counsel; *Benjamin G. Bain* and *Frank E. Smallman* with him on the brief], for the respondent.

Smith, J.:

The action is for specific performance brought by the seller against the purchaser of real estate. The answer is to the effect that the title is not marketable or free from reasonable doubt in that there is, or may be, an outstanding estate in fee simple to the whole or some part of said premises. The defendant asks not only that the complaint be dismissed, but that it have judgment against the plaintiff for its expenses in examining the title, which relief has been awarded to the defendant under the judgment appealed from.

The sole question for determination is as to whether the plaintiff presented to the defendant a marketable title. The record shows that one William H. Klinker had become an incompetent and had

been sent to the Manhattan State Hospital at Ward's Island. One Thomas Sharlow was appointed the committee of his estate. Sharlow was a brother of the incompetent's wife. Upon taking possession of the estate Sharlow found two pieces of real estate, one at 355 West Fifty-eighth street, and another at 53 Wooster street, in the borough of Manhattan. There were mortgages and liens upon both of these pieces of real estate, and the liabilities of the incompetent were afterwards found to be very nearly equal to his assets. The committee of the incompetent, after having duly qualified, presented a petition to the court, asking that it be determined if the inventory presented with the petition was a true inventory of the real and personal property of the incompetent and correctly stated the income and profits thereof, or if the same were in any respects incorrect, then to correct the same. The petition also asked that the court appoint a referee to examine whether the committee should be authorized to sell any, and what, real estate of the said incompetent at public auction or at private sale, or to mortgage or otherwise dispose of the same, or any part thereof, and in what manner the same should be done. The matter was referred to Charles W. Culver, as referee, who took evidence and recommended that the said realty be sold at private sale. The report of the referee was duly confirmed and by the order of confirmation the said committee was directed to take all proceedings necessary for the disposal of the said real estate of the incompetent and the payment of all liens and incumbrances and expenses thereupon. This petition was dated May 1, 1909. Thereafter, the committee, after negotiation, made a contract with Thomas E. Crimmins for the sale of part of the real estate, to wit, 53 Wooster street, for the sum of $18,000, which contract was made subject to the approval of the court. Thereupon the committee again brought the matter before the court by a petition dated May 13, 1910. The petition recited the proceedings that had been theretofore had, the reference and the report of the referee and the order of the court directing the committee to make the necessary arrangements for the disposal of the real estate of the incompetent and other matters. The petition stated in full the receipts and disbursements of the committee and the condition of the estate and reported the contract entered into with said Crimmins, subject to the approval of the court. The prayer of the petition was that the proposed sale of said real estate belonging to said incompetent known as 53 Wooster street in the borough of Manhattan to Thomas E. Crimmins be authorized and that the petitioner be authorized and directed to consummate such sale by executing a proper deed thereof to said Crimmins, upon his compliance with the terms of said contract of sale, and for such

other relief as might be proper.   This petition was accompanied by the consent of the widow to such sale and waiving notification thereof and releasing her dower.   It was also accompanied by the consent of the holder of a third mortgage upon said premises which was not due, to accept the moneys due upon said mortgage.   The matter was referred to one Joseph W. Keller to inquire into the merits of the application and report.   The said Keller thereafter reported in favor of the sale and of the execution of the contract which had been made with Crimmins pursuant to the prior order of the court. That report was duly confirmed by the court and the committee was instructed to carry out said contract and to execute a deed of the premises in pursuance thereof.   The deed was executed and the money distributed, which distribution was thereafter approved by the order of the court.   There is no question about notice being given to the proper parties in all these proceedings.

The trial judge has dismissed the plaintiff's complaint and given to the defendant the relief for which it asked on the ground that the title was doubtful by reason of irregularity in the proceedings for the sale of the property.   The trial judge himself says that it does not appear that the incompetent has been injured in any way and the learned counsel for the respondent frankly admits in his brief that he cannot say that any irregularities have caused any harm to the incompetent's estate.   The trial judge seems to regard the first petition to inquire as to whether a sale should be made, and the second petition and proceedings for the approval of the contract of sale as two distinct proceedings.   I do not necessarily so regard them.   The petition in the proceedings for the approval of the contract made recites fully the former proceedings, the reference there made, the conclusion of the referee and the approval of the court, and both proceedings may be examined to ascertain whether the committee has conformed to the law, so as to perfect title in Crimmins by the deed executed by the committee.

If both proceedings be considered, the first petition was for an inquiry by a referee for different purposes, among them, whether any of the real estate of the incompetent should be sold.   While some of the allegations in that petition may be deemed surplusage in a strict proceeding for the sale of real property of an incompetent, nevertheless, all of the allegations necessary to a proceeding for such sale are included.   An inquiry into the advisability of such a sale is the apparent object contemplated by the Code in starting the proceeding.   The referee advised the sale.   The court thereupon approved the report of the referee and directed the committee to make all necessary endeavor to procure a purchaser.   It was not until several months thereafter that a purchaser was procured

and a tentative contract was made with Crimmins subject to the approval of the court. This contract was reported to the court under oath in the petition made for its confirmation. A referee was again appointed to inquire whether the contract should be confirmed. The report was filed to the effect that it should be and that report was confirmed by the court and the committee directed to make the sale in accordance with the contract.

I find in these proceedings no material departure from the rule of procedure as designated by the Code of Civil Procedure (Chap. 17, tit. 7).* The question whether the contract must necessarily be made before or after the order directing the sale is not here, nor was that question decided adversely to the appellant in *Matter of Central Union Trust Co.* (197 App. Div. 667).

In that case a contract had been made prior to the entry of the final order determining that a sale was proper for the purchase of the property at $160,000. At the time that the application was made to confirm this contract the property had risen in value to the sum of $200,000. The referee had held that $160,000 was the fair value of the property at the time that the contract had been made, but that inasmuch as at the time of the application for the order confirming the sale the property was of the value of $200,000, the sale should not be confirmed. The Special Term, however, overruled the referee and held that inasmuch as the property was worth only $160,000 at the time the contract was made, which contract was made subject to the approval of the court, the contract should be confirmed and the referee directed to execute his deed upon the payment of the sum named. (114 Misc. Rep. 214.) This court reversed that determination and refused to confirm the proposed sale under the contract. In our opinion it was stated that the " statute seems to contemplate an application to sell for the specific reasons named in the statute, and the granting of the final order authorizing the sale upon terms and conditions named. It will be noticed that the application authorized is not an application to sell to a particular individual, but a general application to sell and an agreement with a purchaser subject to the confirmation of the court is contemplated to be made after the final order provided a purchaser can be found who will purchase the property upon the terms prescribed therein." That such is the contemplation of the statute would seem to me to follow from the fact that the final order authorizing the sale is to be made upon such terms and conditions as the court may prescribe and the contract made must conform to the terms and conditions prescribed therein. This court held that the

---

* Now Civ. Prac. Act, art. 82.— [REP.

**824** Beaumont Const. Co., Inc., *v.* Higdon Elevator Co., Inc.

First Department, December, 1922. [Vol. 203

sale would not be confirmed because at the time of the application for confirmation of the contract the interest of the infant would be not conserved thereby. It did not hold that the sale should not be confirmed because the contract was made prior to the application to sell and before the entry of the final order. If, however, as appears in the case at bar a contract be made before the entry of the final order, which conforms to the terms and conditions prescribed in that final order and is a contract beneficial to the infant or incompetent interested in the estate, the fact that the contract was made before the entry of the final order is at most an irregularity which will not render invalid the title finally given upon the approval of the sale upon the contract. While in a statutory proceeding the statute must be strictly followed, it is not every departure from the direction of the statute which voids the proceeding. The question is simply one of jurisdiction.

In *Battell* v. *Torrey* (65 N. Y. 294) the rule is stated: " Where proceedings are authorized by statute in derogation of the common law, by which the title of one is to be divested and transferred to another, every requisite of the statute *having the semblance of benefit to the former* must be strictly complied with or the title will not pass."

In *Atkins* v. *Kinnan* (20 Wend. 241) the same rule is stated: " Where measures are authorized by statute in derogation of the common law by which the title to land of one is to be divested, and transferred to another, every requisite *having the semblance of benefit to the former* must be strictly complied with."

In *Cole* v. *Gourlay* (79 N. Y. 527) the opinion in part reads: " It is a sufficient answer to the objection that the proceedings were irregular because the plaintiffs did not join it, that the statute provides that application may be made by the next friend or guardian, and does not require that the infant should unite in the petition with such next friend or guardian. The rule of the court requiring this to be done if the infant is over fourteen years of age, is a mere regulation as to the practice which the court has the power to waive, and does not affect the jurisdiction of the court where there has been a substantial compliance with the law."

That the error must be jurisdictional is stated clearly in Maupin on Titles to Real Estate (3d ed. § 297). In the same authority (at p. 825) are stated many cases in which irregularities have been held not to impair the title attempted to be given in the proceeding. (See, also, *Mishkind-Feinberg Realty Co.* v. *Sidorsky,* 111 App. Div. 578.) In that case Mr. Justice Clarke of this court, now presiding justice, states: " It seems to me that beyond question it would be ' the sacrifice of things of real substance upon the altar

of mere technicality ' to destroy a title to real estate because an order required the deposit in the post office of a notice of the object of the action, instead of a copy of the complaint, when as matter of fact not only the notice but the complaint as well and all of the other papers required by the Code to be served were so deposited."

In *Stuyvesant* v. *Weil* (41 App. Div. 551) this court held void a title wherein the contract for the sale of land was involved in an action wherein the name of the owner of the equity of redemption was stated as Emma J. Stockton, when in fact her name was Mary J. Stockton, and an *ex parte* order was thereafter made making the correction. But the Court of Appeals reversed that order, holding that the title to the real estate was marketable, notwithstanding the action was commenced under the wrong name and an order was made *ex parte* inserting defendant's true name, as the court had acquired jurisdiction, having determined that the defendant was fairly apprised that she was the party the action was intended to affect, since the court had power under sections 721 and 723 of the Code of Civil Procedure* to amend this process. (167 N. Y. 421.)

It will thus be seen that it is not every irregularity that will render unmarketable a title acquired through judicial procedure, but only such irregularity which might reasonably affect the rights of the party, the title to whose property is thus sought to be divested. Much reliance seems to be placed upon the fact that this contract was executed before the filing of the petition of May 13, 1910, for the confirmation of the contract. If the petition of May thirteenth should be deemed the original petition in the proceeding, it is impossible to see how the execution of a contract prior thereto could in any way be prejudicial to the interests of the incompetent. But the execution of this contract was subsequent to the order entered upon the petition of May 1, 1909, which, in my judgment, should be deemed to institute the proceeding.

But the proceedings in connection with the first petition, regarded as a petition for the sale of an incompetent's real estate, are criticised as not complying with the requirements of the Code. It is insisted that the bond provided for by section 2351 of the Code† was not required upon the filing of the original petition. But that bond was afterwards filed by the order of the 24th of May, 1910, and upon the reference under that order all matters were reviewed which were required to be determined upon an original petition for the sale of real estate. It is further objected that in the original petition of May 1, 1909, the facts with relation to the value of the property were not proven by two disinterested persons as required

---

* See Civ. Prac. Act, §§ 109, 105, respectively.— [REP.

† Now Civ. Prac. Act, § 1393.— [REP.

by rule 56 of the General Rules of Practice.* But the proof was offered by two disinterested persons upon the hearing before the referee, Keller, under the order granted upon the petition of May thirteenth. I am unable to see any possibility of prejudice to the incompetent by reason of the delay in the filing of the bond or in the making of such proof by two disinterested witnesses. In this case the estate of the incompetent has received the full consideration from Crimmins for the price of this property. Every one who has any interest in the premises was made a party to that proceeding. The property has been transferred by Crimmins. No claim is made that the estate of the incompetent has suffered anything from the irregularities claimed. If this property be held unmarketable, the plaintiff would seem to be left practically without remedy. In an action to quiet title the same parties, as far as appears from the record, would be required to be made defendants as were represented in that proceeding, and the estate of the incompetent, having received the entire benefit from the consideration moneys paid, should be held estopped from claiming that the title is not good by reason of these irregularities which have in no way prejudiced the estate of the incompetent, and this estoppel should extend to any privies therein.

The court is always zealous to require strict adherence to the rules of procedure in a proceeding by which the title of real estate is divested, but the strict adherence required would seem to be as to matters which might possibly affect the interests of the parties whose property is sought to be divested, and not as to matters wherein the irregularity can in no possible aspect have prejudiced the rights of such owner.

In our judgment the title to the real estate upon the record here is clearly marketable. It is free from any reasonable doubt, and the defendant should be required to perform its contract.

The judgment should be reversed, with costs, and plaintiff should have the relief demanded in the complaint, with costs.

Clarke, P. J., Page and Greenbaum, JJ., concur; Dowling, J., dissents.

Dowling, J. (dissenting):

I dissent on the authority of *Matter of Central Union Trust Co.* (197 App. Div. 667).

Judgment reversed, with costs, and judgment directed for plaintiff for the relief demanded in the complaint, with costs. Settle order on notice.

