BROOKLYN TRUST COMPANY and MARY LEE COLE, as Executors, etc., of EDWARD F. COLE, Deceased, Plaintiffs, *v.* CESARE LIBONATI and ANNA LIBONATI, Defendants.

First Department, May 13, 1938.

*J. William Hill* of counsel [*H. A. & C. E. Heydt*, attorneys], for the plaintiffs.

*David Roemer*, for the defendants.

COHN, J. The conceded facts are as follows: Celia Cohen was the owner in fee of a parcel of improved real estate located at 1482 Bryant avenue, New York city. She was declared an incompetent and her husband, Abraham Cohen, was appointed committee of her person and estate and thereafter duly qualified. He died in June, 1933, whereupon Isidore Cohen, a son, petitioned the Supreme Court to be appointed substituted committee. In granting the application the court directed that he file an undertaking in the sum of $12,500. It was furnished and duly approved by a justice of the Supreme Court on October 27, 1934. The substituted committee then qualified as provided in the order.

In January, 1935, it became necessary for the substituted committee to raise $4,970 in order to meet payment of a mortgage of $3,000 and accumulated taxes and interest amounting to $490 which were then liens on the aforementioned premises. The sum required also included indebtedness for necessary expenditures in connection with premises 1482 Bryant avenue and another parcel of property owned by the incompetent. The substituted committee thereupon applied to the Supreme Court for leave to mortgage the Bryant avenue property so as to provide the funds to pay these valid outstanding obligations of the incompetent. After a hearing before a referee appointed by the court, and following

the recommendation of the referee and a special guardian designated to protect the interests of the incompetent, the court granted the application. An order was made and entered authorizing the substituted committee to execute and deliver a mortgage in the sum of $5,000 to Edward F. Cole, plaintiffs' testate. In reliance upon the court order Cole paid to the substituted committee the sum of $5,000, upon delivery to him of the bond and mortgage.

Subsequently and on December 10, 1935, owing to a default in the payment of interest and taxes upon this mortgage, a suit was brought to foreclose it. The service of the summons and complaint upon the incompetent in the foreclosure action was dispensed with by order of the court pursuant to subdivision 2 of section 225 of the Civil Practice Act, but it directed service thereof upon David Leavenworth, Esq., guardian *ad litem*, who was duly appointed to appear for the incompetent. Service was also effected upon the superintendent of Rockland State Hospital where the incompetent was then confined. The guardian *ad litem* appeared in the action, interposed an answer submitting the rights and interests of the incompetent to the direction of the court. Thereafter a final judgment of foreclosure and sale was made and entered on December 3, 1936, pursuant to which the premises were sold to the plaintiffs and a referee's deed was duly executed and delivered to them.

On May 4, 1937, plaintiffs consummated an agreement with defendants for the sale of the property at 1482 Bryant avenue. Upon the date set for closing plaintiffs tendered a deed of the premises to defendants who rejected the tender upon the ground that plaintiffs do not have and hence cannot convey a free, clear and marketable title to the premises; that Isidore Cohen never qualified as substituted committee of Celia Cohen under section 1375 of the Civil Practice Act; that he was without power to execute the bond and mortgage in her behalf since he had failed to qualify and give bond as required by sections 154 and 1393 of the Civil Practice Act and that the referee's deed in foreclosure to plaintiffs conveyed no title to them.

The parties have stipulated that at the time the court appointed Isidore Cohen substituted committee it had failed to direct the filing of a bond in a sufficient sum. It appears that the bond of $12,500 which the substituted committee was ordered to file should have been at least in the principal sum of $18,000 under the provisions of subdivision 1 of section 1375 of the Civil Practice Act. It is there provided that the security to be given by a committee of the property shall be " not less than the total of the personal property, the probable rents and profits of real property for two

years and the probable income receivable from any funds for two years, as may be proven by affidavit to the satisfaction of the court."

Defendants insist that the court was without power to fix the bond of the substituted committee in an amount less than that called for by statute; that in filing a bond in an inadequate sum the committee never duly qualified; that as no bond was required by the court pursuant to sections 154 and 1393 of the Civil Practice Act when the real property of the incompetent was mortgaged, such proceedings were irregular and invalid. Defendants also assert that the power of the Supreme Court to act for and on behalf of the incompetent was derived from the Legislature of the State; that the Legislature provided the manner and method of appointment of committees, their qualifications, manner and method of qualifying and their duties to the court and to their charges, by enacting laws which are now embodied in articles 81 and 82 of the Civil Practice Act, and the jurisdiction of the court is confined within the limitations of those provisions.

The direction of the court which permitted the substituted committee to qualify upon filing security in a sum smaller than that permitted by statute, in the circumstances of this case, was a mere irregularity, which prejudiced no one and did not injure the incompetent, and in no way impaired the title to the property. (*Beaumont Const. Co., Inc.,* v. *Higdon Elevator Co., Inc.,* 203 App. Div. 819.)

In granting the order authorizing the substituted committee to mortgage the premises, the court must have deemed the security given upon his appointment as sufficient for all purposes. Indeed, it nowhere appears that the security was in any respect inadequate or that the interests of the incompetent were in anywise adversely affected. In the entire record not the slightest suggestion is made that fraud was practiced upon the incompetent. There was substantial compliance with the statute and the court was not divested of jurisdiction of the subject-matter. (*Cole* v. *Gourlay,* 79 N. Y. 527; *Agricultural Ins. Co.* v. *Barnard,* 96 id. 525, 531.)

However, of chief significance is the fact that the action instituted to foreclose the mortgage given by the substituted committee was in all respects regular. All parties in interest, including the incompetent, were before the court having jurisdiction of the subject-matter, and the action was conducted and brought to judgment of foreclosure and sale in accordance with the statute and the rules and practice of the Supreme Court.

The facts here are essentially similar to those in *Field* v. *Chronik* (190 App. Div. 501), where this court said (at pp. 503, 504): " The judgment of foreclosure and sale bound the parties to the action,

if the court had jurisdiction of the parties and of the subject-matter. \* \* \* The jurisdiction of the subject-matter does not depend upon the ultimate existence of a good cause of action in the plaintiff in the particular case. \* \* \* *No matter how erroneous may have been the judgment of the court upon the particular facts, if the subject-matter was within its jurisdiction, it is binding upon the parties until it is reversed or set aside. (Hunt* v. *Hunt,* 72 N. Y. 217, 229; *Lange* v. *Benedict,* 73 id. 12, 27.) \* \* \* The validity of the mortgage would be presumed unless attacked. The only persons interested in the question presented were parties to the action. \* \* \* Had the defense been pleaded, and the question litigated and decided against the defendants, no one could contend that the defendants were not bound and would be estopped from afterward setting up their interest as against the judgment in the foreclosure action, and what binds the defendants can be questioned by no one else." (Italics ours.)

Obviously, the parties to the foreclosure action here were bound by that judgment and the defendants in this action may not now question anything which might have been litigated in the foreclosure action by the defendants in that suit.

Plaintiffs have, and can convey, a good and marketable title to defendants. They are accordingly entitled to judgment.

Judgment should be directed for plaintiffs, but without costs.

O'MALLEY, TOWNLEY, DORE and CALLAHAN, JJ., concur.

Judgment unanimously directed in favor of plaintiffs, without costs. Settle order on notice.