SUSAN PRINGLE, Plaintiff, *v.* EDENWALD REALTY CORPORATION and Others, Defendants.

Supreme Court, Special Term, Bronx County, October 14, 1940.

*Charles Korn* [*Herman Sternstein* of counsel], for the plaintiff.

*Reitano & Nardozzi* [*Leo E. Sherman* of counsel], for the defendants.

EDER, J. This is a motion to resettle an order of reference by including additional issues. The action is one to foreclose a mortgage on real property; no answer was interposed by the defendants; judgment of foreclosure and sale went by default; the property was sold at auction; a motion to confirm the referee's report of sale was granted and the report confirmed; decision of a further motion for entry of a deficiency judgment against the individual defendants (Civ. Prac. Act, § 1083-a) was held in abeyance to await the coming in of an official referee's report as to the fair and reasonable market value of the mortgaged premises as of the date the property was bid in at auction. (*Pringle* v. *Edenwald*, N. Y. L. J. July 20, 1940, p. 159.)

It is now asserted for the first time by the individual defendants (and moving parties) that by virtue of an implied agreement between plaintiff and themselves the value of the mortgaged land and the performance of the collateral bond and extension agreement in question, and upon which their liability rests, were made dependent upon the continued operation of the New York, Boston and Westchester Railroad, the mortgaged premises abutting the Dyre avenue station; that defendants' liability was secondary only, the principal debtor being the land, and that not until the value of the land proved inadequate to pay the mortgage debt was defendants' individual liability to come into being; that when the railroad company ceased operating the road performance of the contracts was rendered impossible and hence the contracts were dissolved and defendants' liability ended; that in any event their liability is temporarily suspended if the railroad is to be reopened in the reasonably near future as a part of the unified New York city subway system, and in the circumstances the order should, therefore, be resettled to provide that the official referee (1) take proof and report the reasonable market value of the mortgaged premises as of the date of sale, *or* such nearest earlier date as there shall have been any market value thereof; (2) take proof and report whether the contract is impossible of performance because of the abandonment of the railroad; (3) take proof and report whether the condition is merely temporary, and, if so, when that temporary condition may reasonably be expected to be remedied to the end that the liability of the defendants then be held in abeyance and determined upon the value of the property when that property is back in the same position as it was when the parties entered into the said contracts.

The motion cannot prevail. A motion to resettle an order involves correction or clarification, and not a change or amplification of a direction of the court, which is what the defendants seek. (*Ruland* v. *Tuthill*, 187 App. Div. 314.) Another reason for denial is that the claims of an implied agreement, absolute discharge from liability because of impossibility of performance, or temporary suspension of obligation and performance for the reasons now alleged are matters which should have been pleaded in answer to the complaint, by way of defense, and litigated as issues (*Standard Oil Co. of N. Y.* v. *Central Dredging Co.*, 225 App. Div. 407; affd., 252 N. Y. 545. See, also, *London & Lancashire Indem. Co.* v. *Board of Commissioners*, 107 Ohio St. 51; 140 N. E. 672); this was not done here. In this connection attention is directed to the affidavit (Nardozzi), verified March 25, 1940, on the motion to appoint a referee to compute the amount due to plaintiff, and forming part of the judgment roll, wherein it is stated that there is no objection to

the motion except that the defendants should be afforded " an opportunity to pay the sum ascertained to be due." Moreover, the liability of the defendants for any deficiency judgment has been fully determined by the judgment of foreclosure and sale and such determination may not be disturbed by resettlement of an order which was entered pursuant to such judgment. " A decree of foreclosure is final, in so far as it determines the rights of the parties, and as to who, if any one, is liable for any deficiency." (*Syracuse Trust Co.* v. *Corey*, 167 Misc. 506; *Brooklyn Trust Co.* v. *Libonati*, 254 App. Div. 199.) There is also no need to resettle the order to ascertain the fair and reasonable market value of any earlier date than the date of sale for all the experts in this case have submitted affidavits in which they refer to the fair and reasonable market value as of the date of the foreclosure sale, *i. e.*, May 20, 1940, and while they do not agree as to the market value on that date none of them indicate that there was no market on May twentieth; indeed, all agree there was a market value, and " Consequently, there is neither need nor authority to resort to any earlier date." (*First National Bank* v. *Goodman*, 173 Misc. 562, 564.) Motion denied.