In the Matter of DOROTHY R. MILLS.

Supreme Court, Special Term, Nassau County, October 22, 1952.

*Gasser & Hayes* for Dorothy R. Mills, petitioner.

*Richard J. Hallinan,* as guardian ad litem for infant respondents.

*Harold S. Meltzer* for Wisteria Building Corp., intervener, respondent.

*Randolph J. Seifert* and *Harry Kalman* for Lodge Gate Forest, Inc., intervener, respondent.

C. A. JOHNSON, J. In a proceeding under section 107-a of the Real Property Law for the sale of real property, the ownership of which is divided into possessory and future interests, motions are pending before this court (a) to confirm a referee's report, (b) to set aside such report, and (c) for leave to intervene in the proceeding.

The proceeding was commenced by Dorothy Randolph Mills, the life tenant of approximately 178 acres at Woodbury, Nassau County, seeking a sale of the property; and pursuant to section 107-h of the Real Property Law, Harold Green, Esq., was appointed Referee to inquire into the merits of the application. His report, made after several hearings, is now before the court.

There appears to be no doubt that jurisdiction has been obtained over all interested persons, and that a sale of the property is expedient and in the best interest of all concerned. The proceeding was commenced on the theory that the property was reasonably worth $200,000. That figure was fixed by an appraiser who testified before the Referee; and Wisteria Building Corp., now a party intervening by permission in the proceeding had offered to purchase the property at that price. After the commencement of the proceeding, Paul F. Gugger, the owner of a neighboring estate, claimed certain prior rights to purchase an indefinite portion of the Mills property, later said to be approximately eight acres, for protection of his own estate; this claim arose from a communication signed some years earlier by the petitioner and her son, Philip S. P. Fell. Wisteria Building Corp.'s offer included an engagement to hold the petitioner and all related interests harmless as regarded Mr. Gugger's claim, but did not provide for any compliance with such claims. While the Referee was engaged in a determination of Gugger's legal rights, there was received from Lodge Gate Forest, Inc., by Richard J. Hallinan, Esq., guardian

ad litem for certain infant respondents, an offer to purchase for $220,000 with an engagement by that corporation to recognize and satisfy the claims of Mr. Gugger. This offer, the Referee reports, is a better offer than that of Wisteria Building Corp., and should be accepted unless Wisteria Building Corp. has acquired superior legal rights beyond the power of the court to disregard.

Sections 107-a to 107-n of the Real Property Law were enacted by chapter 141 of the Laws of 1937, being one of the early results of the studies of the Law Revision Commission of this State (see 1935 Report of N. Y. Law Revision Commission, p. 353 *et seq.*). Therefore, the rights of purchasers of property subject to the court's approval of contracts were limited as demonstrated by the opinion in *Matter of Central Union Trust Co.* (197 App. Div. 667, modfg. 114 Misc. 214); that is, the purchaser acquired no rights until his agreement was approved by the court, no matter how long was required to obtain jurisdiction of all interested parties. Conceiving that this rule might work unfairly, the Law Revision Commission included in its proposals the language now appearing in section 107-*l*: " No order of confirmation shall be withheld on the ground that the market value of such real property has changed between the execution of such agreement and the hearing of the application for confirmation thereof." Wisteria Building Corp. argues that this language is applicable to the present status of this proceeding and entitles it to the acceptance of its offer.

The statute (Real Property Law, §§ 107-a–107-n, L. 1937, ch. 141) contemplates an application for a sale (§ 107-a) embodied in a petition (§107-d) on notice to interested persons (§ 107-e) resulting after a hearing in a final order specifying terms of sale (§ 107-h). The theory seems to be that up to this point no specific contract or offer is presented to the court for approval; for it is thereafter provided that a referee shall be appointed (§ 107-j) to enter into an agreement, subject to the court's approval (§ 107-k) and report the same to the court for confirmation (§ 107-*l*); it is this " agreement " which is referred to in the portion of section 107-*l* previously quoted. The word " agreement " is first used in section 107-k. No doubt the general practice, quite apart from the theory of the statute, is to commence a proceeding such as this in reliance upon or contemplation of an actual offer. That was done here, and Wisteria Building Corp.'s offer was made the subject of a written agreement and the paying of a deposit; but that

agreement was subject to the court's approval. Whatever the Law Revision Commission may have intended, this court believes that with respect to agreements of this type, no change in the rule enunciated in *Matter of Central Union Trust Co.* (*supra*) has been accomplished by the statute as enacted. Where, pursuant to the authorization contemplated by sections 107-j and 107-k, a referee enters into a contract, the provisions of section 107-*l* apply; but no agreement made in advance of the commencement of a proceeding, or at any time prior to a finding by the court as contemplated by sections 107-h and 107-i, relieves the court of the duty and power to look to the welfare of the owners of future interests, particularly as here, infant remaindermen.

Therefore, the court feels bound in this proceeding to direct a sale at a price of $220,000, on terms no less favorable than those proposed by Lodge Gate Forest, Inc., whose application for leave to intervene herein will be granted. This will involve and necessitate the inclusion in the transaction of a binding contract not only between the Referee to be appointed herein and the purchaser, but between that purchaser and the Gugger interests. With the Referee's conclusion that there is no enforcible contract with Mr. Gugger, the court is in accord; but since an opportunity is offered to relieve the petitioner of any imputation of bad faith without harm to the remaindermen, the court feels that this should be done.

An order in accordance herewith, and appointing Harold Green, Esq., Referee as provided by section 107-j of the Real Property Law may be settled on notice to the guardian ad litem and all parties now intervening or authorized to intervene.