In the Matter of DOROTHY R. MILLS, Respondent. PAUL H. GUGGER et al., Respondents; WISTERIA BUILDING CORP., Intervener, Appellant.— On November 30, 1951, the life tenant and presumptive remainderman of certain real property contracted to sell the property to appellant, subject to the approval of the court. Upon application for such approval under the provisions of section 107-a *et seq.* of the Real Property Law, the matter was referred to a Referee to hear and report. Prior to the conclusion of the hearings before the Referee, an offer of a higher price was received for the property from respondent Lodge Gate Forest, Inc. The Referee reported that the second sentence of section 107-l of the Real Property Law required the approval of the sale to appellant. In rejecting that portion of the Referee's report, Special Term held that the statute required the court to look to the welfare of the owners of future interests and that it was to their best interests to accept the higher offer and to disapprove the contract of November 30, 1951. This is an appeal from so much of the order which disapproves the report of the Referee recommending the sale of the property to appellant and authorizing the execution of a contract

by the Referee for the sale of the property for a price and on terms not less favorable than those proposed by respondent Lodge Gate Forest, Inc., subject to the approval of the court, and from an order confirming the report of the Referee as to the execution of the contract with respondent Lodge Gate Forest, Inc., and approving the sale. Orders unanimously affirmed, with one bill of costs to all respondents filing briefs, payable by appellant. The risk of an increase in the market value of property between the time of the execution of a contract between the parties for its purchase and sale and the making of a final order pursuant to section 107-h of the Real Property Law is on the purchaser. (*Matter of Central Union Trust Co.*, 197 App. Div. 667; 1935 Report of N. Y. Law Revision Commission, p. 380.) However, the purchaser is not subjected to the risk of an increase in the market value of the property between the date of the execution of an agreement pursuant to the final order and the hearing of the application for its confirmation. (Real Property Law, § 107-l; 1935 Report of N. Y. Law Revision Commission, pp. 367–368.) Present — Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ. [203 Misc. 317.]