Henry Epstein, J.
In this proceeding pursuant to article 78 of the Civil Practice Act, the petitioner seeks an order directing the respondent to award a contract to the petitioner and to restrain the respondent from awarding, executing and authorizing the prosecution of any work under contract. By cross motion the respondent requests an order dismissing the petition on the ground of legal insufficiency.
The facts, briefly stated, are: Respondent, Power Authority, advertised and invited bids for a contract for certain electrical *887 work. There were nine bids, of which the petitioner was second. The first bidder was allowed to withdraw its bid. Respondent, however, gave the contract to the third bidder, whose bid was almost a quarter of a million dollars more than that of the petitioner (as revised). No reason was advanced by the Authority for its action. Petitioner argues that the respondent is required by law to award construction contracts to the lowest responsible bidder and to do otherwise is an arbitrary abuse of discretion. Respondent contends that it is not obliged by any statute or rule of common law to award such contract to the lowest bidder; that the petition is therefore defective and should be dismissed. The determination of this proceeding rests on whether the Authority must conform to the provisions of section 174 of the State Finance Law. That section requires contracts to be let to the lowest bidder when entered into ‘ ‘ with a state department or institution, or other agency of a department ”.
In the recent case of Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v. New York State Thruway Auth. (5 N Y 2d 420, 424-425), decided April 9, 1959, the Court of Appeals pointed out that there was a close relationship between that Authority and the State, but stated: “ However close such relationship may be, though, it is abundantly clear that the Authority stands on its own feet, transacts its business affairs through its own personnel and on its own initiative and is not subject to the strict requirements imposed upon a board or department of the State by a provision such as section 135 of the State Finance Law.” (Italics supplied.)
No less can be said of the Power Authority or its being bound to conform to section 174 of the Finance Law.
Accordingly, this court holds that the Power Authority is not such agency of a department of the State which is required to let a contract on the sole basis of lowest responsible bids. It may be that such power should not be granted to the Authority, but in the absence of legislative enactment requiring the Authority to conform to section 174 there is no obligation to do so.
The cross motion is granted and the petition is dismissed.