Frank Del Vecchio, J.
This is a motion by which the plaintiff seeks summary judgment against all the named defendants jointly and severally in the amount of $5,097.33 and against the defendants Conte jointly and severally in the amount of $5,136.65. Defendant John Hancock Mutual Life Insurance Company opposes this motion and has made a cross motion for summary judgment dismissing the complaint as to it. Defendants Conte have not appeared on the motion or filed any papers in opposition to plaintiff’s request for judgment.
The verified complaint sets forth four causes of action. The first of these is against the individual defendants Conte and alleges that on May 14, 1957 they executed and delivered to *369 plaintiff a promissory note for $4,200, together with an assignment as collateral security of John Hancock insurance policies No. 0272528 and No. 0199013; that on June 25,1958 they renewed and increased their indebtedness and executed and delivered to plaintiff a note in the amount of $11,211 and assigned as additional collateral John Hancock policy No. 0302926; that on October 19,1959 they renewed and increased their indebtedness and executed and delivered to plaintiff their promissory note in the sum of $13,438 and assigned as additional collateral John Hancock policy No. 6227553, together with other policies not involved in this litigation; that plaintiff is still the owner of the last-described note upon which demand has been made and there now remains an unpaid balance of $2,955.73, together with interest and attorney’s fees as provided in the note.
The second cause of action, also against the Contes, repeats the foregoing and alleges that on January 12, 1959 defendants executed and delivered to plaintiff a general loan and collateral agreement; that on February 3, 1960 defendants executed and delivered to plaintiff two promissory notes in the sum of $5,840 each; that plaintiff is the owner of these notes upon which demand has been made and there remain balances due of $944.71 and $4,802.88, plus interest and attorney’s fees.
The third cause of action is against the defendant John Hancock and, after repeating all of the foregoing, also alleges that as premiums on the policies issued by it were paid, John Hancock obligated itself to pay the cash surrender value thereof; that plaintiff notified defendant of the assignments of policies made by defendants Conte; that on June 26, 1957 defendant John Hancock acknowledged receipt of the notifications of assignment of policies No. 0199013 and No. 0272528; that on July 3,1958 and October 22, 1959 it acknowledged receipt of notifications of assignment of policies No. 0302926 and No. 6227553 respectively and agreed in writing to notify plaintiff of nonpayment of any premium due on these two' assigned policies in accordance with section 151 of the Insurance Law; that defendant became obligated by reason of its written agreement with the defendants Conte and the plaintiff and by virtue of section 151 of the Insurance Law to notify plaintiff of the nonpayment of any premium on the above-mentioned policies by the individual defendants; that plaintiff, relying upon the foregoing, including the terms of the policies, the assignments by defendants Conte, the agreement by defendant John Hancock to notify of nonpayment of premiums, and the Insurance Law, made loans to the Contes on October 19,1959 and February 3,1960 as alleged in the first and second causes of action; that at the time of making the said loans, *370 the cash value of the above policies, as estimated by plaintiff in accordance with the terms of the policies, was more than $16,000; that each of the four policies described above lapsed for nonpayment of premium between the dates October 15, 1958 and June 9, 1960, to wit: No. 0302926 lapsed October 15, 1958, No. 0272528 lapsed October 28, 1958, No. 0199013 lapsed June 26, 1959, No. 6627553 lapsed June 9,1960; that John Hancock failed to notify plaintiff concerning the nonpayment of premiums by the individual defendants until September 26, 1960; that as a result of the foregoing, the actual cash value of the policies at the time plaintiff made the loans of October 19, 1960 and February 3,1960 to the Contes was $10,000, thereby resulting in damage to plaintiff of more than $6,000.
The fourth cause of action, also against John Hancock, is predicated on negligence of the named defendant in failing to fulfill an alleged duty to notify plaintiff of the nonpayment of' premium on the assigned policies, all to plaintiff’s damage in the amount of more than $6,000.
Defendants Conte served an unverified general denial.
Defendant John Hancock’s answer, among other things, denies that it agreed, in writing, to notify plaintiff of the nonpayment of any premium with respect to the policies involved and, in addition, pleaded as separate defenses (1) that policies No. 0272528, No. 0199013 and No. 0302926 are retirement annuities and as such are not controlled by subdivision 5 of section 151 of the Insurance Law, and (2) that on March 13, 1961 John Hancock paid plaintiff $10,272.73 representing its total obligation to plaintiff by reason of the four policies in question.
The payment pleaded in the answer is also mentioned in an affidavit by one of the attorneys for plaintiff and accompanying correspondence from which it appears that the surrender of the policies by plaintiff and payment by defendant was without prejudice to plaintiff’s claim for the amount which it alleges is due to it from John Hancock and for which this action has been commenced.
It appears from plaintiff’s supporting affidavit by its branch manager that plaintiff first received notice of nonpayment of premiums on the assigned policies in September, 1960, which was after all the policies had lapsed, when it advised defendant that it was about to indorse and deliver the policies for payment in accordance with the promissory notes and assignments of the defendants Conte.
The papers submitted on these motions include the complaint and answer of defendant John Hancock, affidavits by the branch manager of plaintiff bank, by the assistant secretary of defendant *371 John Hancock, and by an attorney for the plaintiff, photostatic copies of the notes, the policy assignments and the loan agreement executed by defendants Conte, the four policies in question issued by defendant John Hancock, original or photostatic copies of notices of assignment sent to John Hancock by plaintiff, two of which contained a request that they be recorded and two containing a request ‘£ pursuant to the provisions of Section 151 (5) of the New York Insurance Law ” for notice of nonpayment of premiums on the assigned policies, and copies of the replies to such notices which, as to policies No. 0199013 and No. 0272528, acknowledged receipt and recording thereof, and, as to policies No. 0302926 and No. 6227553, also stated: ££ the request for notification of the non-payment of any premium in accordance with Section 151 of the Insurance Law of the State of New York under the above numbered policy assigned to your institution has been duly recorded ”.
Upon the papers so submitted, the decision of the court is as follows:
With regard to that portion of plaintiff’s motion which seeks summary judgment against the individual defendants Conte, plaintiff has submitted copies of the original notes executed by defendants and the latter have failed to appear on this motion or submit any sworn statement denying the effectiveness of the instruments. The answer served by these parties consisted only of an unverified denial. In these circumstances the court will grant summary judgment for plaintiff against the defendants Conte in the sum of $10,243.98, the correct total of the itemized figures in the affidavit by plaintiff’s branch manager. (O’Meara Co. v. National Park Bank, 239 N. Y. 386.)
Insofar as plaintiff seeks summary judgment against the defendant John Hancock, the motion is denied and the cross motion by that defendant for summary judgment dismissing the complaint is granted.
Plaintiff does not deny that it has been paid the cash surrender value of the policies in question on the date of lapse. Its argument is that it was entitled to be paid, not the actual value of the policies but the cash value which they would have had on October 19,1959 and February 3,1960 if they had continued in force and effect as of those dates. This claim rests upon its assertion that defendant was under a duty to notify plaintiff of nonpayment of premium on any of the assigned policies and that, as a result of its failure to give prompt notice of such default, it became liable to plaintiff in contract or in tort for the damages sustained by plaintiff. The damages claimed consist of the difference between the actual cash value of the policies and the cash *372 value they would have had if effective on the dates when plaintiff made the last two loans and advanced moneys to defendants Conte, all of which it alleges was done in reliance on defendant’s duty to advise in the event of premium default.
Defendant admits that plaintiff had not been advised of the defaults but claims that it never agreed to give such notice; that there is no such requirement in the policies; that no such duty is created by statute, and that plaintiff did not inquire of defendant as to the current status of or the existing cash surrender value of the policies when it made the additional and final loans.
Since the outcome of this litigation turns entirely upon the existence or nonexistence of a duty to give notice of default, which the court regards as a question of law only, and there are no factual issues which must be resolved prior to determination of the dispute between the parties, the court is satisfied that no trial of the action is necessary and that it may properly award summary relief to the party entitled to judgment. (Orange County Trust Co. v. Merchants Acceptance Corp., 279 App. Div. 689; Coutts v. Kraft & Bros. Co., 119 Misc. 260, affd. 206 App. Div. 625.)
Plaintiff has failed to establish any legal basis for the duty and liability which it seeks to impose on defendant John Hancock by this action.
Insofar as the claimed duty to notify of default is alleged to have been created by written agreements with the individual defendants Conte and with the plaintiff, suffice it to say that plaintiff has not pointed out any statement either in the insurance contracts themselves (which are the agreements of the company with the policy owners) or in any communication from John Hancock to plaintiff by which defendant agreed to notify plaintiff of the nonpayment of any premium or assumed the obligation of notice and the resulting liability for nonperformance which plaintiff now seeks to impose. With regard to policies No. 0272528 and No. 0199013, on May 14, 1957 plaintiff notified defendant of the assignments and requested the same be recorded and on May 23,1957 defendant notified plaintiff that they ‘ ‘ have been recorded on our records ”. With respect to policies No. 0302926 and No. 6227553, plaintiff requested that notice of nonpayment of any premium be given pursuant to section 151 of the Insurance Law; defendant did furnish plaintiff with a printed form giving the current cash value of the policy, indicating the assignment and acknowledging the recording of the request for notification of nonpayment of premium ‘ ‘ in accordance with Section 151 of the Insurance Law ”. It should be observed that, *373 again, there was no express promise by the company to give notice but merely an acknowledgment that a request, pursuant to the statute, had been received and recorded. The language employed falls far short of a written agreement to notify as alleged in the complaint. At best, it was only a receipt which, under the appropriate circumstances, would make defendant liable to the limited extent provided by the statute.
It is appropriate at this point to consider the effect of subdivision 5 of section 151 of the Insurance Law, since it is plaintiff’s position that, in addition to its written agreements, defendant was also obligated by reason of this section to give notice of default and, upon failure to do so, became liable for the damages plaintiff has sustained. As this court reads the statutory provision however it creates neither a duty nor a liability of the scope which plaintiff now seeks to impose. Insofar as here applicable, the section provides: “ When the assignee of a policy of life insurance under an assignment made in this state shall request the insurer, before default in payment of premium, * * 8 to give such assignee notice of non-payment of any premium on said policy, the right of such assignee to the cash surrender value or other non-forfeiture benefit under the policy shall continue as it existed on the date of default in payment of any premium until the expiration of ten days after the mailing of notice of such default to the last known post office address of the assignee.” (Emphasis supplied.)
In view of the plain, clear and unambiguous language of the statute, which creates only a limited liability to protect the rights of the assignee of a life insurance policy to receive the cash surrender value in the event of a lapse of the policy due to nonpayment of premium, it would be an unwarranted extension of legislative action to hold that this same language creates a general duty to give notice of premium default, breach of which would carry with it liability for damages such as plaintiff claims, which by their nature exceed the liability created by the statute.
Both parties have given some attention to the claim by defendant that section 151 of the Insurance Law, applying to life insurance policies, is not effective with regard to three of the policies in question which are claimed to be annuity contracts. It is unnecessary to consider this question, however, in view of the restricted duty and liability which this court has found are created by the section quoted above.
Finally, plaintiff asserts that defendant is liable in tort for the damages it has sustained. Again, before such a liability can exist it must appear that there was a duty owing to plaintiff, *374 the breach of which was the proximate cause of the damage. (Palsgraf v. Long Is. R. R. Co., 243 N. Y. 339; Rosen v. Bronx Hosp., 308 N. Y. 925; Kimber v. Estis, 1 N Y 2d 399, 403.) Plaintiff has failed to cite any case in which a duty was imposed on an insurance company in circumstances such as these.
Plaintiff relies in part upon a letter by defendant’s assistant secretary written after this dispute had arisen and 1‘ without prejudice to any of the Company’s legal rights and defenses, all of which are fully reserved ”, in which he stated that defendant had agreed to send plaintiff notice of nonpayment on certain of the assigned policies. Such a statement, made long after the transactions involved, could not of course serve to create a duty where none existed. Furthermore, a reading of the letter in its entirety reveals that the writer was discussing “ the Company’s understanding of Section 151 (5) of the New York Insurance Law”. It must fairly be assumed that the statements related solely to the company’s duty and liability under that statute which, as pointed out above, were strictly limited.
The cases cited by plaintiff are not authority for the position taken by it in the present litigation. The court is of the opinion that defendant was under no duty to advise plaintiff of premium default, for breach of which it may be held responsible for the damages sought by plaintiff. Defendant has paid in full the cash surrender value on the date of lapse of each of the assigned policies. Plaintiff’s motion for summary judgment against the defendant John Hancock is, therefore, denied and defendant’s cross motion for summary judgment dismissing the complaint is granted. Plaintiff’s motion for summary judgment against the defendants Conte in the sum of $10,243.98 is granted.