Harold E. Koreman, J.
In this article 78 proceeding, the petitioner, a corporation engaged in the construction industry, seeks to have the respondents, constituting the Dormitory Authority of the State of New York, ordered and directed to take such steps as may be necessary to effectuate the award of a certain contract to the petitioner, and, further, that the respondent be enjoined and restrained from proceeding with the solicitation of new bid's and the reletting of a contract for the same building and facilities.
It appears that the petitioner was one of several contractors invited to submit bids for the erection of a building to be erected at an educational institution pursuant to the authority vested in the Dormitory Authority by virtue of the provisions of title 4 of article 8 of the Public Authorities Law. The bids were opened at the offices of the Authority on March 31, 1965, at which time it was found that the bids of three bidders were incomplete. Four additional bids were received and of those, the petitioner’s was the lowest. Thereafter, the Dormitory Authority, at a meeting held on April 12,1965, took the following action, as appears in the minutes of the meeting; “It was moved, duly seconded and voted to award the general construction contract for the Life Science Building at C. W. Post College of Long Island University to Schumacher & Forelle, Inc., Great *66 Neck, L. I., New York, in the amount of $1,571,000.00, as bid on March 31, 1965.”
Thereafter, the Authority was in consultation with the officials of the educational institution from whom they ultimately received a request that all bids be rejected and new bids sought for the erection of the building. At a meeting of the Authority held on May 10, 1965, a resolution was adopted rescinding the action it took at its meeting of April 12,1965, in connection with the contract and disapproving that portion of the minutes of the meeting of April 12, 1965. At the May 10, 1965 meeting, an additional resolution was adopted rejecting all of the bids received by the Authority and authorizing the solicitation of new bids.
It appears to be the contention of the petitioners that the acceptance of petitioner’s bid by the Authority (at the meeting of April 12,1965) effected a mutually binding obligation between the parties because while the Dormitory Authority is not a municipal corporation, its public character and purpose justify applying the usual rule applicable to municipal corporations that acceptance of a valid bid by proper municipal authorities constitutes a binding contract.
The respondents, without answering, have interposed a motion to dismiss the petition on the ground that it does not state facts sufficient to constitute a cause of action.
The Dormitory Authority is “ a body corporate and politic constituting a public benefit corporation” (Public Authorities Law, § 1677). It is not .a municipal corporation.
1 ‘ The Public Authorities Law does not require the Dormitory Authority to advertise for bids and does not require the Authority to do any particular thing in relation to the awarding of a contract for the construction of dormitories (Public Authorities Law, Article 8, Title 4) ”. (Caristo Constr. Corp. v. Dormitory Auth. of the State of N. Y., Rensselaer County, Special Term, Oct. 16, 1964, Mr. Justice Staley.) Nor is the Authority required to award a contract to the lowest bidder. (Formed Laminates v. Dormitory Auth. of State of N. Y., Rensselaer County, Special Term, Feb. 17, 1961, Mr. Justice Hunt.)
Accordingly, since there is no duty imposed by law upon the Authority to award the contract in question to the petitioner, the application must be denied and the motion to dismiss the petition is granted.
It is not necessary to determine whether the Authority effectively accepted the petitioner’s offer as a result of the resolution of April 12, 1965.