Lawrence H. Cooke, J.
In this action for a permanent injunction (referred to as such in plaintiff’s brief at page 1), plaintiff moves for a temporary injunction and defendant Dormitory Authority of the State of New York cross-moves for summary judgment.
The material facts are not in dispute. This is obvious from plaintiff’s brief which states: “ There is absolutely no dispute among the three parties as to the facts in this action ’ ’, and from that of defendant Hambly Construction Co., Inc., which reads: “ None of the facts of this case are controverted.” If no material issue of fact is presented and the record contains a sufficient showing of undisputed facts to permit the issues to be determined as a matter of law, summary judgment should be directed as same is not prevented by issues of law (Town of Harrison v. County of Westchester, 13 A D 2d 708; Orange *297 County Trust Co. v. Merchants Acceptance Corp., 279 App. Div. 689; Goodwill Adv. Co. v. State Liquor Auth., 40 Misc 2d 886, 888, affd. 19 A D 2d 928; Coutts v. Kraft & Bros. Co., 119 Misc. 260, 261, affd. 206 App. Div. 625; Oneida Nat. Bank & Trust Co. v. Conte, 32 Misc 2d 368, 372; Tripp, Guide to Motion Practice, p. 281).
The Dormitory Authority issued an advertisement for sealed bids for the construction of a dormitory project at the State University Agricultural & Technical Institute at Delhi and thereafter received three bids, the two lower ones being from plaintiff and defendant Hambly. The pertinent portion of the bid of defendant Hambly Construction Co., Inc., read as follows: “ Cost of building including excavation and fill and utilities to a line five feet outside of building walls.
1. Cost of materials.......................... $475,000.00
2. Cost of labor and all other costs............ $579,000.00
3. Total cost of materials and labor and all other
costs ..................................$1,054,000.00
“ Cost of general site grading work for site area within Primary Grading Limit Line exclusive of building area noted above.
1. Cost of materials.......................... $13,000.00
2. Cost of labor and all other costs............. $12,000.00
3. Total cost of materials and labor and all other
costs •.................................. $25,000.00
“ total — building and site grading work — Total cost of materials and labor and all other costs, one million fifty-four thousand and no/100 $Dollars $1,054,000.00.”
That of plaintiff Thompson Construction Corp. read:
“ Cost of building including excavation and fill and utilities to a line five feet outside of building walls.
1. Cost of materials.......................... $523,750.00
2. Cost of labor and all other costs............. $542,547.00
3. Total cost of materials and labor and all other
costs ..................................$1,066,297.00
“ Cost of general site grading work for site area within Primary Grading Limit Line exclusive of building area noted above.
1. Cost of materials.......................... $180.00
2. Cost of labor and all other costs............. $9,523.00
3. Total cost of materials and labor and all other
costs ...... $9,703.00
“ total — building and site grading work — Total cost of materials and labor and all other costs, one million seventy six THOUSAND & 00/100 $DOLLARS $1,076,000.00.”
*298 The notice to contractors, as advertised, specified: “The Dormitory Authority of the State of New York reserves the right to waive any informalities in, or to reject, any or all bids.”
The information for bidders provided: that ‘1 The Owner may consider informal any Bid not prepared and submitted in accordance with the provisions hereof and may waive any informalities in or reject any or all bids ”; that “ The Owner invites a Single Bid, in duplicate, for the work included in the Complete Project, as shown on the Plans and in the Specifications ”; and, under the heading “ method oe award- — lowest qualified bidder ”, that “If at the time this Contract is to be awarded, the lowest formal bid, which is the total of the Materials and Labor Bid, submitted by a responsible bidder does not exceed the amount of funds then estimated by the Owner as available to finance the Contract, the Contract may be awarded to this lowest Total Bid for Materials and Labor. This lowest Total Bid does not include the Materials and Labor Total for any of the Alternates that may be requested on the Form of Bid. If such Bid exceeds the amount of funds available, the Owner may reject all bids.”
The Dormitory Authority is “ a body corporate and politic constituting a public benefit corporation” (Public Authorities Law, art. 8, tit. 4, § 1677), it being an independent corporate agency with governmental functions delegated to it by the State, as distinguished from a mere arm of the State through which the State acts directly in carrying out the governmental function (Windalume Corp. v. Rogers & Haggerty, 36 Misc 2d 1066, 1067; Braun v. State of New York, 203 Misc. 563, 565; cf. Matter of Plumbing Assn. v. Thruway Auth., 5 N Y 2d 420, 423, 424; Malone v. State of New York, 285 App. Div. 1218, affd. 1 N Y 2d 837). As such, the Dormitory Authority is not required by statute to award a contract for the construction of a dormitory to the lowest bidder or to the “lowest responsible bidder, as will best promote the public interest” (State Finance Law. § 174; Matter of Schumacher & Forelle v. Johnson, 47 Misc 2d 65, 66; Caristo Constr. Corp. v. Dormitory Auth. of State of N. Y., Sup. Ct., Rensselaer County, Oct. 16, 1964, Staley, J.; Formed Laminates v. Dormitory Auth. of State of N. Y., Sup. Ct., Rensselaer County, Feb. 17, 1961, Huht, J.; Matter of Waldman & Co. v. Power Auth. of State of N. Y., 18 Misc 2d 886).
Nor is there any rule of common law which requires that the Dormitory Authority award the contract in question to the lowest bidder. In the notice to contractors and information for bidders, the Authority expressly reserved the right to reject *299 any or all bids, the Authority did not agree in said instruments to award the contract to the lowest bidder and no proof has been submitted otherwise showing such an agreement by the Authority. In any event, it cannot be denied but that the amount submitted by Hambly for “ total — building and site grading work — Total cost of materials and labor and all other costs ”, both in words and in figures (cf. 17A C. J. S., Contracts, § 311), is lower than that submitted by plaintiff at the same place on the bid form.
It is elementary that a court of equity will not award the extraordinary relief of injunction except in cases where some legal wrong has been done or is threatened and where there exists in the moving party some substantial legal right to be protected (Madden v. Queens County Jockey Club, 296 N. Y. 249, cert. den. 332 U. S. 761; Baumann v. Baumann, 250 N. Y. 382, 386). Here, there has been no showing of such a right in plaintiff.
It should be kept in mind also that the injunctive remedy is one which must be exercised with great caution and only when the right to it has been clearly demonstrated (Forstmann v. Joray Holding Co., 244 N. Y. 22, 31; Lyon v. Water Commrs. of Binghamton, 228 App. Div. 585, 590; Green Is. Ice Co. v. Norton, 105 App. Div. 331, affd. 189 N. Y. 529; Gambrill Mfg. Co. v. American Foreign Banking Corp., 194 App. Div. 425, 432; Pelletier v. Transit-Mix Corp., 11 Misc 2d 617, 620; 28 N. Y. Jur., Injunctions, § 27). To say the very least, such a clear right thereto does not exist here.
Defendant Dormitory Authority’s motion for summary judgment dismissing the complaint is granted and, in view of this determination, plaintiff’s application for a temporary injunction is academic and is denied.